# ⸜ APPENDIX

## NOTES OF CASES NOT OTHERWISE REPORTED

S. H. WOODRUFF, Appellant, v. DES MOINES INSURANCE COMPANY, Appellee.

FIRE INSURANCE: LOSS: PROOF OF LOSS: ACTION PREMATURELY BROUGHT.

*Appeal from Tama District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, JANUARY 22, 1894.

ON September 9, 1889, the plaintiff filed his petition to recover upon a policy of insurance against loss by fire, issued to him by the defendant. He alleged a loss April 1, 1889, notice of loss, and that about April 16, 1889, he gave to the defendant's adjuster, S. B. Leech, all the facts concerning the burning, and a full and complete list of every article destroyed, covered by the policy; that the plaintiff and said adjuster agreed upon the amount to be paid for the damage to many of the articles, and differed as to others; that said adjuster promised to refer the difference to the office of defendant for adjustment, "and at no time did defendant intimate that further or other proof of loss would be required." The defendant answered that no proof of loss had ever been made, and alleged that this suit was commenced within the time prohibited by statute. Upon the conclusion of the evidence for the plaintiff, the court, on motion, directed a verdict for the defendant, and entered judgment thereon. The plaintiff appeals.—*Affirmed.*

*W. H. Stivers, Dudley & Sammis,* and *W. B. Louthan* for appellant.

*Cole, McVey & Cheshire* for appellee.

GIVEN, J.—The record shows, without conflict, that the loss occurred April 1, 1889.; that there was no proof of loss or waiver of such proof, if at all, prior to the interview of April 16 with S. B. Leech; that on June 20, 1889, the plaintiff, by his attorneys, Dudley & Sammis, placed in the hands of the sheriff of Polk county, for service, an original notice, entitled

(735)

as in the case of S. H. Woodruff, plaintiff, against the Des Moines Insurance Company of Des Moines, Iowa, notifying the defendant as follows: That on or before the twentieth of September, 1889, there would be on file in the office of the clerk of the district court of Tama county, Iowa, the petition of S. H. Woodruff, claiming one thousand, nine hundred dollars, with interest, as due "for loss by fire on or about April 1, 1889, under your policy number 23716, issued June 22, 1885." The sheriff's return shows service on the twenty-first day of June, 1889, "on the within named defendant, Des Moines Insurance Company of Des Moines, Iowa."

One ground of the defendant's motion for a verdict was that this action was prematurely begun. The statute, after providing as to notice and proof of loss within sixty days from the time the loss occurred, provides, further, "that no action shall be begun within ninety days after notice of such has been given." The delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, is a commencement of the action. Code, section 2532. The original notice in this case was delivered to the sheriff of the proper county, and served, within much less than ninety days after the loss occurred. The appellant contends that as the defendant named in that notice, and served, was the Des Moines Insurance Company of Des Moines, Iowa, and not the Des Moines Insurance Company, the delivery of the notice did not constitute a beginning of this action, and that it was not begun until the defendant appeared to the action, which was more than ninety days after the loss. There is not the semblance of a reason to doubt that this original notice was intended and accepted by both parties as the original notice in this case. It is identical with the petition as to the party plaintiff, the court, the cause of action, number of policy, and in every other particular, except that the words "of Des Moines, Iowa," follow the corporate name of the defendant company, words that were evidently inserted by the plaintiff's attorneys, not with a view to an action against a different corporation, but to designate the location of the defendant company. Whatever might be said as to the rights of the defendant under this notice, we are in no doubt, but the delivery of it to the sheriff was a commencement of this action, and, that being within the ninety days, the defendant's motion for a verdict was properly sustained.—AFFIRMED.

KINNE, J., taking no part.