## M. H. FINSTER v. THE MERCHANTS' AND BANKERS' INSURANCE COMPANY, Appellant.

**Insurance: CANCELLATION.** Notice that an insurance assessment will become due at a stated time is not an election upon the part of the insurer to cancel the policy, nor does it forfeit or terminate it.

**Premature Suit:** *waiver.* The fact that an insurer, on receipt of proof of loss, absolutely denies liability, does not permit the insured to bring suit on his policy sooner than ninety days after notice of loss has been given, contrary to McClain's Code, 1734.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

### SATURDAY, JANUARY 25, 1896.

ACTION to recover upon a policy of insurance against loss by fire. Issues were joined, and the case tried to a jury. At the conclusion of the evidence for plaintiff, defendant moved for a verdict, which motion was overruled; and, the defendant electing to stand on said motion, no further evidence was offered. The court instructed the jury to find for the plaintiff, submitting for their determination simply the question of the amount of the recovery. A verdict for one thousand and twenty-two dollars was returned in favor of the plaintiff, whereupon defendant moved in arrest of judgment, upon the same grounds as those set out in the motion for a verdict. This motion was also overruled, and judgment entered on the verdict, from which defendant appeals.—*Reversed.*

*Read & Read* for appellant.

*J. H. Scales* and *Huff & Ward* for appellee.

GIVEN, J.—I.  The grounds of defendant's motion are that, by the pleadings and evidence, it appears that the policy in suit had been forfeited and terminated before the loss, and that this action is prematurely brought.  Touching the first ground, the facts are these:  The defendant, a mutual fire insurance company, in consideration of the plaintiff's premium note for one hundred and eighty dollars, issued this policy, July 11, 1887, running from July 9, 1887, to July 9, 1893.  The premium note, and also the policy, contains a promise on the part of plaintiff to pay one hundred and eighty dollars, "in such proportion and at such times as the directors of said company may, agreeable to their acts of incorporation and by-laws require, provided such assessments do not exceed fifteen per cent. in any one year."  An assessment of fifteen per cent. was made upon said note, to become due and payable on the twentieth of September, 1892.  Defendant alleges that, on the twentieth day of August, notice was served upon the plaintiff, notifying her of said assessment, and the amount thereof, and that the same would be due and payable in thirty days from date of said notice, to-wit, August 20, 1892, and that a failure to pay said assessment when due would suspend said policy, and release the defendant from all liability thereon, and also notifying the plaintiff that, in case she desired to have said policy canceled and the note returned, she could do so by surrendering said policy to the company, and paying the customary short rates and expenses of taking risk, which amounted to twenty-five dollars, if paid within thirty days from the date of said notice, August 20, 1892; that, if the same was not paid, said policy would be suspended until payment was made.  Plaintiff, in her reply, admits that the notice was served on her August 20, 1892, "and that said notice

informed her that the assessment would be due September 20, 1892," and admits that the assessment was not paid, She denies the other allegations as to the contents of said notice. There being no evidence as to the contents of said notice, it must be taken to have contained only what is admitted by the plaintiff. The policy contains this provision: "The company may at any time cancel this contract, by returning the premium note, and the assured may cancel by payment of the assessments or pledges due. This insurance may be terminated, also, at any time, by mail addressed to the assured, to his or their post-office address named in this contract or otherwise." A notice such as that admitted by the plaintiff—and we have no evidence of any other—does not show an election upon the part of the defendant to cancel the contract, nor would such a notice as that admitted forfeit and terminate the policy. We think there was no error in overruling defendant's motion, upon the first ground.

II.   Our statute (section 1734, McClain's Code), after providing as to proofs of loss, provides "that no action shall be begun within ninety days after notice of such loss has been given." It is not questioned but that this action was begun within ninety days, but appellee contends that, as the defendant absolutely denied any liability, it thereby waived this provision of the statute. It is argued that the purpose of the statute is to give the insurer time to investigate and determine whether it is liable or not, and, having determined and declared that it is not liable, the purpose of this statute ceases, and its provision is waived. Cases are cited to the effect that, when the insurer denies liability upon other grounds than the want of notice and proofs of loss, he thereby waives any provision in the policy requiring such notice and proofs. In *Bloom v. Insurance Co.*, 94 Iowa, 359 (62 N. W. Rep. 810), this court said: "It is well

settled that a denial of liability on other grounds than failure to furnish proofs of loss is a waiver of the right to require proofs of loss. In other words, a refusal to pay a loss, and a denial of liability on the ground that the policy is not in force, constitute a waiver of the condition of the policy requiring such proofs. This rule was, in effect, adopted by this court more than thirty years ago;" citing cases. Appellee cites other cases to the effect that such a denial of liability waives the provision of the policy as to the time when suit may be begun, but no cases are cited holding that such a denial is a waiver of a statutory provision such as ours. This court has repeatedly and uniformly held, under said statute, that an action cannot be begun within the ninety days, even though the insurer may, before that time, declare absolutely that it was not liable. See *Quinn v. Insurance Co.*, 71 Iowa, 615 (33 N. W. Rep. 130); *Von Genechtin v. Insurance Co.*, 75 Iowa, 544 (39 N. W. Rep. 881); *Taylor v. Insurance Co.*, 83 Iowa, 402 (49 N. W. Rep. 994); *Vore v. Insurance Co.*, 76 Iowa, 549 (11 N. W. Rep. 309); *Woodruff v. Insurance Co.*, 90 Iowa, 735 (57 N. W. Rep. 592). In the *Case of Vore, supra,* this court said: "The receiving of proofs of loss, and claiming that the policy is void, cannot be regarded as a waiver of the statute prescribing the time within which actions shall be brought." There being no question but that this action was begun within the ninety days, appellant's motion for a verdict, and motion in arrest of judgment, should have been sustained.—REVERSED.