### No. 164

### STATE v. APPENZELLER Et

#### No. 18882, Supreme Court

Pending on motion to direct Franklin Appeals to certify. Dock. Dec. 27, 1924. 3 Azs. 2.

323—COUNTY COMMISSIONERS — Does their signatures to "Final Resolution" satisfy statute as to calling for and recording ayes and nays vote?

In May, 1919 the then Director of Highways and Public Works, on behalf of the State of Ohio, entered into a contract with Christian Appenzeller et al, for the construction of a part of the Marietta-Caldwell Road, in Washington County, for the sum of $94,413.30. Bond was given by Appenzeller for $96,853.50. In March, 1920 Appenzeller was relieved of the contract under 1209 GC (108 OL 488) by the provisions of which give the procedure to be followed by the Commissioners in completing a contract, when failure upon part of the contractors is evidenced.

Said contract was completed at a total cost of $173,124.75 which, after deducting the original contract price, leaves a balance of $78,-711.45. The State seeks to recover this from Appenzeller and his bondsmen in the Washington Common Pleas. In that court the state's petition was dismissed and judgment rendered accordingly. The Court of Appeals affirmed the judgment of the Common Pleas.

Appenzeller contended that the auditor did not call for the yea and nay vote of the commission as provided for in 2046 GC when they passed the final resolution empowering them to take over and complete the contract in compliance with statute.

The state alleges that the Commissioners had placed their signatures to the resolution and that this satisfies the requirements of 2046 GC. The main question before the Supreme Court for consideration is:

Did the signatures of the members of the Board of Commissioners satisfy the statute requiring aye and nay votes?

Attorneys—C. C. Crabbe and J. C. Williamson, Columbus for State; George Porter and Marion Murphy, Marietta, for Appenzeller et.

### No. 165

### LYLE PUBLISHING CO. v. WRIGHT

#### No. 18858. Supreme Court

On motion to direct Columbiana Appeals to certify. Dock. 12-12-24. 3 Abs. 2.

1134. SUMMONS—When served upon right party under wrong name; does Court have jurisdiction over defendant?

Raymond Wright filed in the Columbiana Common Pleas a petition setting forth a cause of action for libel, naming the Lyle Publishing Company as defendant. The sheriff served summons upon one, Thompson, President of the Lyle Printing Co. The Printing Co. filed a motion to set aside the return of the service summons. Subsequently Wright filed a motion for leave to amend his petition, summons and the return by correcting and changing the word "publishing" to "printing" in the name of the defendant. This motion of Wright was overruled by the Common Pleas and that of the Lyle Publishing Co. sustained.

Wright prosecuted error and the Court of Appeals reversed the Common Pleas, holding that the Publishing Company's motion should have been overruled and that of Wright sustained. The Publishing Co. contends that the real question in this case is whether or not the trial court should have permitted the amendment of the summons and the return of the sheriff, so as to bring into court a defendant who had been sued under the wrong name.

The questions presented to the Supreme Court for consideration are:

1. Is service upon the right party under the wrong name sufficient to confer jurisdiction over the person of the defendant?

2. May Court, under 11363 GC., permit plaintiff to amend his petition, the summons, and the sheriff's return thereon, by inserting correct name of the deefndant when he has been sued under the wrong name?

Attorneys—Metzgar and McCarthy, Salem, for Publishing Co.; Bair & Roach, Alliance, for Wright.