FRANK GENEVA, Petitioner, v. LESTER L. THOMPSON, Judge, Respondent.

ORIGINAL NOTICE: **Sufficiency—Fatal Defect in Name.** An original
1  notice directed to and duly served on "Frank Genero" confers no
   jurisdiction to enter a judgment by default against "Frank
   Geneva." (See Book of Anno., Vol. 1, Sec. 11055, Anno. 24 *et seq.*)

JUDGMENT: **Collateral Attack—Void Judgment.** A void judgment
2  may be collaterally attacked.

**Headnote 1:** 33 C. J. p. 1090; 29 Cyc. p. 276. **Headnote 2:** 34 C. J.
p. 514.

*Certiorari to Polk District Court.*—LESTER L. THOMPSON,
Judge.

DECEMBER 15, 1925.

WRIT of certiorari to Lester L. Thompson, judge of the district court of Iowa, in and for Polk County, to review a judgment entered against the defendant in a contempt proceeding in said court.—*Annulled.*

*E. S. Thayer,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for respondent.

ALBERT, J.—On the 19th of September, 1923, an information was filed before the above named respondent, one of the judges of the district court of Iowa in and for Polk County,

**1. ORIGINAL NO-TICE: sufficiency: fatal defect in name.** charging that the petitioner was guilty of contempt of court for selling or keeping for sale intoxicating liquors, in violation of permanent injunction formerly entered in said court. The matter came on for trial before the above named district judge on the 13th of October, 1923, and after a hearing of the testimony, the defendant was found guilty of contempt and ordered to pay a fine of $1,000, together with costs. It is to review the order of the aforesaid court that this proceeding is instituted.

It appears that, on the 28th day of November, 1917, the county attorney of Polk County, Iowa, filed a petition to enjoin a nuisance. The title of the petition was, "State of Iowa, Plaintiff, vs. Frank Genero, Arthur Johnson, Defendants." Throughout the petition the defendant in the action was designated as Frank "Genero." An original notice was issued, bearing the same designated title, and directed to Frank "Genero" and Arthur Johnson. This notice was served by the then sheriff of Polk County, a part of which notice reads as follows:

"I personally served the same on the within named defendant Frank Genero by offering to read the original to Frank Genero which he waived," etc.

Under date of April 24, 1918, a decree was entered, as follows:

"State of Iowa v. Frank Geneva or Frank Genero, Arthur Johnson."

The decree recites, *inter alia*:

"Defendants Frank Geneva and Arthur Johnson appeared not."

It finds that Frank Geneva "kept and carried around on his person certain intoxicating liquors with intent to sell and dispose of the same in violation of law," and that:

"Frank Geneva and Arthur Johnson should be perpetually enjoined, as prayed * * *. It is therefore ordered, adjudged, and decreed that the said defendant Frank Geneva and Arthur Johnson be and he is hereby perpetually enjoined from keeping or carrying around on his person any intoxicating liquors with intent to sell or dispose of the same by gift or otherwise in violation of law, and from selling or otherwise trafficking in intoxi-

cating liquors in Polk County, Iowa, or elsewhere in the state of Iowa, in violation of law.''

It will be noted that in the foregoing proceeding the information and the original notice were entitled ''State of Iowa v. Frank Genero,'' and the original notice was directed to Frank Genero, and service was made on Frank Genero. The decree, as noted above, was by default; but in the decree the name of Frank ''Geneva'' appears for the first time in this proceeding, as shown by the record. This gives rise to the first question urged as error.

The petitioner urges that there was no valid injunctional decree in the first instance, and that, whatever he may have done, he could not be guilty of contempt. We are therefore to determine whether or not the proceeding above set out constitutes a valid proceeding, so that a violation of the alleged decree therein could be the basis of this contempt proceeding. We have previously settled that, when an original notice is to be served on a person, it must be addressed to him. *Pilkington v. Potwin,* 163 Iowa 86; *In re Paving Assessments,* 193 Iowa 1234; *Steele v. Murry,* 80 Iowa 336. It is apparent, therefore, that the notice to which reference is above made, did not run to Frank Geneva. This being true, it was no notice, and cannot be held to support a default decree thereon. We have gone a step further, and held that, when such a notice is served on the right party, but directed to a different party, it is not sufficient to support a judgment. *Sleeper v. Killion,* 166 Iowa 205. However, it is urged on behalf of the respondent herein that these two names are so nearly alike that the doctrine of *idem sonans* should apply. This doctrine is quite familiar to the profession, and applies where two names, when pronounced, sound alike to the attentive ear, although spelled differently; but when the orthography of the two names is different, and when, fairly pronounced, they do not sound the same, then the mistake is fatal. *Riley v. Litchfield,* 168 Iowa 187; *Howe v. Thayer,* 49 Iowa 154; 29 Cyc. 272.

It is quite apparent that the two names ''Geneva'' and ''Genero,'' when fairly pronounced, do not sound the same, and therefore the doctrine of *idem sonans* does not apply.

We are familiar with the rule that, in contempt proceedings of this kind, a contemptor cannot collaterally attack the validity of the proceedings out of which his contempt grew; but the ex-

**2. JUDGMENT: collateral attack: void judgment.** ception to this rule is that, when the judgment itself is void, he may raise the question of jurisdiction, and say that he is not guilty of contempt because there was no valid judgment which could be made a basis for such charge of contempt. Our conclusion is that his contention is true, and that there was no valid judgment on which this contempt proceeding can be founded. His certiorari proceeding herein is therefore sustained, and the order of the district court holding him guilty of contempt is annulled and set aside.—*Annulled.*

EVANS, STEVENS, DE GRAFF, and MORLING, JJ., concur.