ELMER WEBB, Administrator, Appellee, v. DEAN FERKINS, Appellant.

No. 45090.

FEBRUARY 13, 1940.

Stanley & Stanley and Putnam, Putnam, Fillmore & Putnam, for appellant.

Stipe, Davidson & Davidson, for appellee.

HALE, J.—This is an appeal from an order of the district court overruling a special appearance entered by the defendant in an action for damages resulting from an automobile collision. The special appearance assails the original notice on the ground that it is addressed to and names the wrong person, the defendant alleging that no notice has been served upon him, Dean Firkins, in accordance with sections 11055 and 11060 of the Code of 1935. The original notice was addressed to "Dean Ferkins, Defendant," and he was directed to appear on September 18, 1939.

There is no question but the original notice attacked herein was actually served upon the defendant, and the return of the notice, which was served by the deputy sheriff, certifies that it was served on Dean Firkins.

After the serving of notice and the filing of the special appearance plaintiff filed an amendment to his petition setting out that the true spelling of the name of the defendant is Dean Firkins; that the original notice was served personally upon the defendant under his true name of Dean Firkins; that the amendment is filed for the purpose of making correction of the name, which he alleges is idem sonans with the spelling of

defendant's true name; and asking leave of court to substitute the true name of the defendant. A supplemental special appearance and amendment to grounds of motion to dismiss and to quash was filed by defendant, setting out various alleged facts in relation to prior settlement, which do not affect the question before this court. On October 6, 1939, the court entered its ruling, stating that in the opinion of the court the service of notice was sufficient and that from the whole record it clearly appears that the spelling of the surname of the defendant as Ferkins could not and did not deceive the defendant in any way and that he was personally served with this notice; that the pleadings are now corrected to show his true name; that if the idem sonans rule applies any place it should apply in this case; and the court overruled the special appearance in this case and its companion case, Webb v. Ferkins, 227 Iowa 1164, 290 N. W. 116, identified in this court as No. 45091, from which ruling this appeal is taken.

The question before the court is: In an action against Dean Firkins, is a notice addressed to and naming Dean Ferkins as defendant, and personally served upon Dean Firkins, sufficient to confer jurisdiction? The question has been very ably and thoroughly argued in this court, and fully presented. Defendant does not deny that in several instances in this court the rule of idem sonans has been applied, but argues that it cannot be applied in a case of this kind. Cases are cited by defendant to support his theory that to confer jurisdiction upon the court the original notice must accurately name and be addressed to the defendant, without misspelling, and must be served upon the person so named and addressed. Among the cases cited are Steele v. Murray, 80 Iowa 336, 45 N. W. 1030, which refers to a tax deed; Sleeper v. Killion, 166 Iowa 205, 147 N. W. 314, which refers to failure to address the notice to a party to a suit in which he is not named as a party, and there is nothing in the notice to indicate that any relief is asked against him; Snyder v. Spirit Lake, 218 Iowa 774, 254 N. W. 14, in which notice was not addressed and was held not good; In re Paving Assessments, 193 Iowa 1234, 188 N. W. 780, and In re Estate of Anderson, 125 Iowa 670, 101 N. W. 510, in both of which the defect was the failure to address.

Bloom v. Sioux City Traction Co., 148 Iowa 452, 126 N.W. 909, does not support in any way the contention of the defendant.

Defendant cites Geneva v. Thompson, 200 Iowa 1173, 1175, 206 N.W. 132, 133, in which an original notice in an injunction proceeding was addressed to Frank *Genero*. The sheriff's return recited that it was served on Frank *Genero*. In a proceeding for contempt the court held that there was no jurisdiction to grant the injunction on account of the defect in the original notice. The rule of idem sonans was urged, and the court held:

"This doctrine is quite familiar to the profession, and applies where two names, when pronounced, sound alike to the attentive ear, although spelled differently; but when the orthography of the two names is different, and when, fairly pronounced, they do not sound the same, then the mistake is fatal."

And the court, though recognizing the rule, held that it was quite apparent that the two names, when fairly pronounced, did not sound the same and the doctrine of idem sonans would not apply.

The same ruling was made in the case of Thornily v. Prentice, 121 Iowa 89, 93, 96 N.W. 728, 729, 100 Am. St. Rep. 317, where one of the beneficiaries whose true name was Willis H. was served with a notice in which he was named, and which was addressed to, W. M. In this case the court distinguished between personal and substituted service, saying:

"It may be conceded for the purposes of this case that, if this notice had been personally served upon appellee, or if he actually appeared in response to such service, a confusion or mistake in the name by which he was designated would not necessarily be fatal to the judgment, and that in the present proceeding his identity with the person sued could be established by parol evidence; but where reliance is had upon the constructive notice given by publication or by substituted service—a notice which the party to be charged may never in fact see or hear of—greater strictness must be observed." Citing Fanning v. Krapfl, 61 Iowa 417, 14 N.W. 727, 16 N.W. 293.

The court goes on to say that if judgment were rendered

upon such substituted service it would bind no one not properly named in the record; but further says:

"This does not mean that the name must be correctly spelled, but it must be so nearly correct as to come under the rule of idem sonans. That is, if the name as spelled or written in the record, when pronounced according to commonly accepted methods, conveys to the ear a sound practically identical with the sound of the correct name as commonly pronounced, the designation is sufficient, and no advantage can be taken of the clerical error." Citing 21 Am. & Eng. Enc. of Law, 2d Ed. 313.

It seems to us that in this case the court recognizes the doctrine of idem sonans, and states quite clearly the difference between the rules which many courts apply to personal service and constructive service.

Hubner v. Reickhoff, 103 Iowa 368, 72 N. W. 540, 64 Am. St. Rep. 191, which is cited by the defendant as repudiating the rule of idem sonans in jurisdictional matters, related to a default decree of divorce obtained in Nebraska, which the proof of service showed was addressed to Heindrick K*ee*sel when the true name was Heindrick K*ei*sel, and the decree attacked was granted on substituted service. The opinion states the rule laid down in 16 Am. & Eng. Enc. of Law 122, referring to the list of names collected therein and the various cases, and states that an examination of the case would show that the variation in orthography in names has been held fatal or otherwise as the facts of the case would warrant, and that as the court understood the record the published name was neither spelled nor pronounced like that of the defendant in the divorce proceeding. The court also referred to the question of fraud or lack of good faith in the original proceedings in divorce. We do not think, however, that a careful reading of the ruling in that case indicates in any way that there was a repudiation of the rule.

Defendant points out that if the rule of idem sonans is to be recognized, it would necessarily permit any spelling of a name which would require the same or a similar pronunciation, and in his ·argument ingeniously sets out several pages showing how the name can be spelled and still be pronounced Firkins. The mere fact, however, that the names could possibly be pronounced like the true name, by a strained

pronunciation, would not render applicable the rule in question.

Defendant also insists that there was no action commenced against Dean Firkins. This necessarily must depend upon whether or not the notice was sufficient.

We have not attempted to set out all the cases cited by defendant. We do not think defendant has sustained his contention that the Iowa courts do not recognize the doctrine of idem sonans. As a matter of fact, it has so recognized it at various times, holding, as it necessarily must, that in certain cases the rule applies while in others the variation is so apparent that the names cannot be recognized as coming within the rule. Various names which have been held to be within the rule are the names of Conolly and Conly, in Fletcher v. Conly, 2 G. Gr. 88; Kamberling and Kimberling, in Houston v. State, 4 G. Gr. 437; and Karney and Carney, in McCash v. Penrod, 131 Iowa 631, 109 N. W. 180. The application of the rule has been in question in a large number of cases, not only in this but in other jurisdictions. The case of Thornily v. Prentice, supra, is reviewed in 100 Am. St. Rep. 317, followed by extended annotations, and there is set out alphabetically from page 344 to page 350, inclusive, a list of scores of names, including several decisions from Iowa in which the names have been held to be within the rule. Following this is a large list of names which have not been so held. It would serve no useful purpose to set them out, or to compare the names in question in this proceeding with the names in these lists. In general, the editor concludes that the courts have held that the orthography in names is not important if the sound is the same.

The rule as announced in 45 Corpus Juris, page 383, paragraph 19, is to the same effect as in 16 Am. & Eng. Enc. of Law, 122, above-cited, and states that:

" * * * in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial. Even slight difference in their pronunciation is unimportant; if the attentive ear finds difficulty in distinguishing the two names when pronounced, they are idem sonans, and although spelled differently, they are to be regarded as the same."

In support of the text a number of the Iowa cases above

referred to are cited. This article also sets out alphabetically a large number of cases where the rule has been applied, and where the difference was held to be too great to make application thereof. See also, 19 R. C. L., page 1334, and cases cited therein.

It seems to have been generally held that the application of the rule by the courts is more strict in regard to constructive service than where the service is personal. It is apparent that there can be no rule established that could apply in all cases. Where the question is raised each case must be determined for itself by the similarity or dissimilarity of the names in question. The general and ordinary rules of pronunciation must apply. Where the names are so identical in pronunciation, so alike that there is no possibility of mistake, the rule should certainly be applied. In the instant case we know of nothing that would authorize any variation in the pronunciation of the two words. The rule of pronunciation regarding the sound of the letter "i" may be found in Webster's New International Dictionary, second edition, page XLVI, paragraph 158:

"Stressed i before r, final or followed by another consonant, as in stir, bird, fir, virtue, virgin, irksome, etc., is the same sound as e in fern, and u in urn, * * *."

There is no dispute in this case that the letter "e" should be sounded as in fern, and is so generally pronounced when followed by "r" or another consonant. See Webster's New International Dictionary, supra.

Our attention has not been called to any word where "i" is followed by a consonant where the pronunciation is the same as in fit, kill, etc., but uniformly the sound is as in fern, term, etc. This being the rule of pronunciation, apparently with no exception, the pronunciation of the two words is identical. Nor do we think that any ordinary person, when served with notice, as in this case, personally, could fail to take notice of the necessity of his appearance in court if he wished to avoid judgment. There is a somewhat caustic comment in the case of Bigelow v. Chatterton, 8 Cir., 51 Fed. 614, by Caldwell, Circuit Judge, on the variation between the words Biglow and Bigelow, which might apply to many cases of this kind. The court said:

1164

"It is the same name in law, whether spelled with or without the 'e', and, if the appellant did not know this when he read the published summons, it was because he did not know his own name when he saw it."

This comment on a published notice, in a case where the variation was slight, would apply with even more force to a notice personally served.

As before stated, while each case must be determined for itself and no general rule could be devised that would apply in all cases, yet we feel that in this case the service was sufficient; that the variation was so slight that the defendant must necessarily have known that he was the person intended and that the action was against him; and that the ruling of the district court should be sustained.

The cause is, therefore, affirmed.—Affirmed.

HAMILTON, C. J., and STIGER, SAGER, BLISS, OLIVER, MILLER, and MITCHELL, JJ., concur.