**TAYLOR, Admr., Plaintiff-Appellant, v. VICTOR EQUIPMENT CO., et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4141. Decided October 4, 1948.

446

Cowan & Adams, Columbus, for plaintiff-appellant.
Knepper, White & Dempsey, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

The appeal is from an order of the Common Pleas Court dismissing the cause and reciting that the Court had quashed the service of summons on the defendants and denied plaintiff's motion to amend and correct the petition, summons and returns, it appearing that the plaintiff could not plead further.

There were a number of procedural steps taken in the cause from the date of the filing of the petition, September 27, 1947, until the final entry, but most of them are not germane to the question presented which is, whether or not the Court erred in quashing the service of summons on the defendants, refusing the plaintiff the right to amend the petition, summons and returns and dismissing the cause.

The action was for personal injuries against the named joint defendants One defendant was served in Franklin County and if properly served summons could issue and service could be had on the other defendant in Butler County.

The petition named as one party defendant Victor Equipment Company, with the further averment:

"is a corporation, organized and existing under the laws of Ohio with its principal place of business in Hamilton, Ohio."

Summons was issued to Victor Equipment Company with notation to serve Ralph W. Sanborn, Statutory Agent, at 810

Hartman Bldg., 79 E. State St., meaning Columbus. The return discloses service upon "Victor Equipment Company by serving Ralph W. Sanborn, Statutory Agent for Victor Equipment Company". The second defendant named in the petition was Victor Transit Company of Hamilton, Ohio, a common carrier, etc. Summons was issued in accord with the praecipe to the defendant, Victor Transit Company and return discloses service on "Victor Transit Company, Hamilton, upon its Statutory Agent, Howard P. Stalhaber, 199 Pleasant Ave., Hamilton, Ohio".

Upon the motions to quash, it was made to appear by affidavits in support of the motions that the person served for Victor Equipment Company, a corporation, was the Statutory Agent for Victor. Equipment **Corporation** and that the person served for Victor Transit Company was the Statutory Agent for the Victor Transit **Corporation**. (Emphasis ours). It further appeared that no corporation was licensed by the State of Ohio under the exact name of Victor Equipment Company but that a corporate charter had been issued to the Victor Equipment **Corporation** and that no corporation with the exact name of Victor Transit Company had been licensed in Ohio but that a corporate charter had been issued in Ohio to The Victor Transit **Corporation**. (Emphasis ours.)

The statement of the names of the defendants as carried in the petition and the true names of the defendant corporations issued corporate charters in Ohio is convincing that the difference in the names is but a misnomer.

It also appears from the petition that the Victor Equipment Company, a corporation, as designated, is a corporation and that its true name is Victor Equipment Corporation and the only difference between the name of the Victor Transit Company as carried in the petition and the true name of the corporate body is in the use of the word corporation instead of company. It further clearly appears that there are no such corporations in Ohio as Victor Equipment Company and Victor Transit Company, and that the Statutory Agents served represent the corporations as properly designated, namely Victor Equipment Corporation and The Victor Transit Corporation.

In the situation thus presented there is no doubt that the corporations served are identical with the corporations intended to be sued. Service was had upon the right defendants but there was a minor variation in the correct names. As to Victor Equipment Company, the petition avers that it is a corporation which clearly corrects any misconception which could arise as to the word "corporation" carried in the correct title.

When, then, it appeared that the petition intended to make the parties who were served parties-defendants and the proper parties were served and the variation was only that of a minor misnomer, the plaintiff was entitled under our liberal rules of permissible amendments to amend the petition, the summons and returns thereon as requested in his motion. The amendment neither substituted any new defendant nor changed the cause of action.

Without analyzing the many cases cited in Ohio by the parties, we believe they support the conclusion which we have reached.

**Burton v. Buckeye Insurance Company, 26 Oh St 467.**

**State ex rel American Union Telegraph Co. v. Bell Telephone Company, 36 Oh St 296.**

**Maloney v. Callahan, 127 Oh St 387.**

**Lyle Publishing Company v. Wright, 3 Abs 100.**

Outside of Ohio, many cases are collated in an annotation to Clevenger, Admr. v. Grover, et al., 124 A. L. R. 86, and the authorities there cited are unanimous in supporting the right of amendment. We will not prolong this opinion by discussing these cases but they are interesting and present almost every conceivable variation between defendants named and defendants served and illustrate the liberality which Courts, without exception, accord to a party to amend a petition, or process, if it reasonably appears that the person or corporation intended to be sued has, as a matter of fact, been served although he or it may not answer to the identical name as carried in the pleading.

It is further claimed by appellant that the proper procedure here should have been by plea in abatement and not by motion to quash and cite **Herf v. Shulze, 10 O. 263,** Moodey v. Shaw, Tappen 290, (330), State ex rel American Union Telegraph Co. v. Bell Telephone Company, supra.

We recognize that it is our practice for parties to raise the question here presented by a motion to quash summons and we would not ground a reversal upon any invalidity in the procedure adopted.

It is also urged that the defendants entered their general appearance by a letter which their counsel sent to the Judge who passed on one of the motions, but upon this claim we hold against the appellant.

The judgment will be reversed and cause remanded in accordance with this opinion.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.