of law may be prosecuted. 2 Ohio Jurisprudence (Rev.), 204, Section 106; *Robertson* v. *Penn-Ohio Coach Lines Co.,* 137 Ohio St., 136, 138, 28 N. E. (2d), 358; *Champs* v. *Stone,* 73 Ohio App., 319, 56 N. E. (2d), 251; *Mahaffey* v. *Stine,* 28 Ohio Law Abs., 361; *Hauck* v. *Hauck,* 29 Ohio Law Abs., 575; *Covington Building & Loan Assn.* v. *Yost,* 31 Ohio Law Abs., 672; *Martin, Admr.,* v. *New York Central Rd. Co.,* 32 Ohio Law Abs., 152. The motion to dismiss is sustained on the ground that the order appealed from is not a final order.

*Motion sustained.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.

HILL, APPELLEE, *v.* MOSELEY, APPELLANT.

(No. 4275—Decided July 6, 1949.)

*Mr. Rudyard Russ,* for appellee.
*Mr. William A. Walter,* for appellant.

HORNBECK, J. This is an appeal from a judgment of the Common Pleas Court, affirming a judgment of the Municipal Court of Columbus, granting a writ of restitution to plaintiff in her action in forcible entry and detainer. In the Municipal Court defendant moved to quash the service of summons "inasmuch as the summons does not provide for any answer date." The court overruled the motion, which action the Common Pleas Court affirmed, and the sole determinative question here is whether the motion should have been overruled.

Assuming, but not deciding, that the summons should have set forth an answer date, it does not appear that the defendant, appellant herein, was prejudiced thereby. Summons was issued and was duly returned showing service on defendant. He was served 12 days before the date fixed for trial, at which time he was represented by counsel. Rule X of the Municipal Court of Columbus penalizes a defendant for failure to answer within the time fixed. If this rule had been enforced, default judgment could have been taken against the defendant. The rule was not invoked. Trial was had, and defendant, through counsel, was cognizant of defendant's rights but declined to make a defense. How could it be said that he was prejudiced by the action of the court in overruling the motion to quash service of summons and later, at the conclusion of the trial, by the overruling of the motion upon its renewal, defendant electing to stand solely upon the denial to him of the right to have rule day for answer fixed in his summons? There is no showing that the defendant was denied the right to file an answer or to assert any defense which could have been stated in the answer had it been filed. It has been held that service of process will not be set aside because of a mere irregularity in the writ which is no way prejudicial to the defendant. *Lyle*

*Publishing Co.* v. *Wright,* 3 Ohio Law Abs., 100; *Morris* v. *B. & O. Rd. Co.,* 18 C. C. (N. S.), 167, 32 C. D., 662.

We are in full accord with the conclusions of the Common Pleas Court on the review of this cause, and of the trial court that the italicized portion of the language of paragraph 4 of Section 1558-59, General Code, as hereinafter quoted, has no application to shape the procedure in the Municipal Court, for the reason that there are no like proceedings to forcible entry and detainer in the Common Pleas Court. Paragraph 4 of Section 1558-59, General Code, reads:

"4. The laws relating to practice and procedure in actions before the Common Pleas Court defining the rights and obligations of parties and prescribing the powers and duties of officers thereof, shall apply to *like proceedings in the Municipal Court* in so far as consistent with the provisions of this act and with other laws relating to said Municipal Court."

There is inconsistency between the rules of the Municipal Court relating to its procedure and the procedure set out in the Code in forcible entry and detainer in justice of the peace courts. The case of *Schmidt* v. *Hummell,* 81 Ohio App., 167, 170, 73 N. E. (2d), 806, which holds that, although an answer is permissible, it is not required in a forcible entry and detainer case, was decided without the specific rules of the Municipal Court being called to the attention of this court. The inconsistency was recognized by the trial judge, who also said that the rules were under consideration by the court and it is to be inferred that any inconsistencies will be corrected. It is manifest that a rule of court, the effect of which is to penalize a defendant for failing to answer at a certain fixed time may be waived by a member of that court. No good purpose would be served by discussing the rules of the Municipal Court at length because, if disregarded, the action was

favorable and not prejudicial to the defendant.

It does not appear that any substantial right of the defendant was denied by the proceedings under review. The judgment will be affirmed.

*Judgment affirmed.*

MILLER, P. J., and WISEMAN, J., concur.