## Commonwealth v. Hessman

*Frederick H. Bolton,* for Commonwealth.

*James H. Stewart, Jr.,* for defendant.

NEELY, J., April 30, 1956.—This matter is before us on motion to quash an information charging defendant with violating section 1002(*b*)(6) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §501, speeding. Information was lodged before G. Robert Huffman, Justice of the Peace of Middle Paxton Township, in this county, on May 2, 1954. Notice of hearing was forwarded by registered mail to defendant at his address, in Lewistown, Mifflin County, and the receipt therefor was signed by Mrs. A. L. Magaro and returned to the justice of the peace. When defendant did not voluntarily appear, a warrant was issued, whereupon defendant posted bail with Oscar F. Brush, a justice of the peace of the Borough

of Lewistown, Mifflin County, signed the bail "G. Dan Hessmann" and waived a hearing for appearance in this court. When the matter came on for hearing before us, because his name was spelled in the notice of the justice of the peace above mentioned and in the information as "H-E-S-S-M-A-N" instead of "H-E-S-S-M-A-N-N", defendant moved in this court to quash the information.

It is our considered judgment that "H-E-S-S-M-A-N" is idem sonans with "H-E-S-S-M-A-N-N". "The rule of 'idem sonans' is that absolute accuracy in spelling names is not required in a legal document or proceedings either civil or criminal; that, if the name, as spelled . . . , though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name as commonly pronounced, the name thus given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error": Vol. 20, Words and Phrases, page 8. A defendant can certainly complain of a variance in names where he has been misled to his prejudice. Here defendant was not misled. He posted bail in Lewistown and waived a hearing for his appearance in this court and signed the bail piece in his correct name "H-E-S-S-M-A-N-N".

"In indictments and pleadings, when a name which it is material to state is wrongly spelled, yet if it be *idem sonans* with that proved, it is sufficient. The following have been held to be *idem sonans*, Segrave for Seagrave; . . . Whyneard for Winyard; . . . Benedetto for Beneditto; . . . Keen for Keene; . . . Deadema for Diadema; . . . Hutson for Hudson; . . . Coonrad for Conrad; . . . Gibney for Giboney; . . . Allen for Allain; . . . Emerly for Emley; . . . Johnston for Johnson; . . . Busse for Bosse; . . . Cham-

bles for Chambless; . . . The rule seems to be that if names may be sounded alike without doing violence to the power of letters found in the various orthography, the variance is immaterial; . . .": Bouvier's Law Dictionary, vol. 1, p. 1484. See also Sadler on Criminal Procedure in Pennsylvania, vol. 1, §235, p. 285; Paul v. Johnson, 9 Phila. 32 (1871).

While there is a paucity of Pennsylvania decisions on this question, the authorities supporting the above rule are extensive in other jurisdictions in criminal as well as civil cases: Miller v. State, 249 P. 2d 137 (Okla. Crim. Ct. of Appeals, 1952) ; Johnson v. State, 43 So. 2d 424, 430, 431 (Ala. Ct. of Appeals, 1949) ; State v. Utley, 223 N. C. 39, 25 S. E. 2d 195 (1943) ; Webb v. Ferkins, 227 Iowa 1157, 290 N. W. 112 (1940) ; Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P. 2d 870, 876; Reese v. State, 151 S. W. 2d 828, 834 (Texas Crim. App., 1941).

We are, therefore, constrained to hold that "H-E-S-S-M-A-N" is idem sonans with "H-E-S-S-M-A-N-N", and that defendant having posted bail for appearance in court, was not misled to his prejudice in any way, but on the contrary was well aware that he was the man charged with the offense. We must, therefore, refuse to quash the information because defendant was named therein as "H-E-S-S-M-A-N" instead of "H-E-S-S-M-A-N-N".

The other reason assigned by defendant in his motion to quash is that the information fails to conclude with the language "against the peace and dignity of the same". Defendant contends that this violates article V, sec. 23, of the Constitution of 1874, which provides that: ". . . All prosecutions shall be carried on in the name and by the authority of the Commonwealth of Pennsylvania, and conclude 'against the peace and dignity of the same'." An examination of

the authorities would seem to indicate that this section of the Constitution refers to indictments, and there are a number of cases where the sufficiency of indictments was considered where they did not contain the constitutional conclusion: Commonwealth ex rel. v. Smith, 152 Pa. Superior Ct. 1 (1943); Commonwealth v. Gallagher, 165 Pa. Superior Ct. 553 (1949); Commonwealth v. Hopkins, 165 Pa. Superior Ct. 561 (1949). In the Hopkins case, Judge Arnold observed, at page 568:

". . . It may well be doubted that this (Article V, sec. 23) is a mandatory requirement of the Constitution,—rather one would think that it is directory." (Parentheses supplied.)

Whatever might be the rule as to indictments, we can find no adjudicated cases holding that this conclusion is required in an information. Defendant has cited in his brief the authority of two writers on this subject, to wit, Kessler's "Penalties and Procedure for Summary Convictions in Pennsylvania", 1953, p. 13, and Pentz' "Manual for Police and Constables in Pa.", Bisel 1952, p. 78.

The editor of Purdon's Statutes apparently considered that this constitutional provision (article V, sec. 23) referred to "Style of process; indictments". We have examined the Constitution as reported at 1874, P. L. 13, and find in the margin this section is entitled "Style of process and indictment".

The rule has always been that accuracy in an information is not required to the same extent as in an indictment and that so long as a charge is laid in general language, so as to inform defendant of the nature of the offense with which he is charged, it has been deemed sufficient for the purpose of an information.

The rule is stated in Commonwealth v. Ginsberg, 143 Pa. Superior Ct. 317, 324 (1941) as follows:

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient: Com. v. Carson et al., 166 Pa. 179, . . .; Com. v. Robertson, 47 Pa. Superior Ct. 472; Com. v. Grego, 116 Pa. Superior Ct. 295, . . ." See also Commonwealth v. Spallone, 154 Pa. Superior Ct. 282, 285, 286 (1944); Commonwealth v. Gross, 161 Pa. Superior Ct. 613, 621 (1948).

Defendant is asking us to reverse this general rule as to the sufficiency of an information, and to say that it is not sufficient merely to inform defendant of the nature of the offense in language of common parlance, which the information in this case clearly and sufficiently does. We do not believe that the omission of the constitutional conclusion from the information is fatal to this proceeding, particularly since defendant made no challenge to the information before the justice, but on the contrary waived the hearing for his appearance in this court.

It has been held that after trial a defendant cannot maintain that an indictment is invalid because of the omission of the concluding words "against the peace and dignity of the Commonwealth". The lower court held in Commonwealth v. Gallagher, 70 D. & C. 177 (1949), affirmed in 165 Pa. Superior Ct. 553 (1949), that when defendant stood mute and permitted a plea of not guilty to be entered, any formal defect was waived and the omission of the conclusion specified in article V, sec. 23, was a formal defect. The interesting thing about the Gallagher case is that both the lower court and the appellate court held in effect that the indictment could be amended by inserting the con-

clusion "against the peace and dignity of the Commonwealth of Pennsylvania", even after verdict, but before sentence.

Since the matter is before us de novo, we believe the information in this case would be amendable to include the constitutional language if it were deemed necessary to amend. And if the information is amendable, if necessary, defendant's motion to quash at this stage could not be sustained. We believe, however, that the inclusion of this constitutional language in an information charging a summary offense is not mandatory.

Defendant's motion to quash, however, must be overruled for another reason. When he waived a hearing before the justice of the peace and posted his bond for appearance in this court, he waived formal defects in the information, to the same extent that defendant waived formal defects in the indictment in the Gallagher case when he stood mute and allowed a plea of not guilty to be entered for him. Just as in the Gallagher case, when defendant stood trial under these circumstances it was too late to challenge the indictment concerning any formal defects, so also it would be too late now to challenge the information involved in this case because of formal omissions.

The recognized rule is that when a defendant has waived a hearing and posted bail for his appearance in court in a summary proceeding, he waives irregularity of procedure before the justice of the peace and consents to jurisdiction of his person: Commonwealth v. O'Donnell, 65 Dauph. 8 (1953); Commonwealth v. Maun, 68 D. & C. 288 (1949); Commonwealth v. Proie, 66 Dauph. 4, 6 (1954); Commonwealth v. Jiras, 68 Dauph. 99 (1955); Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941); Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950). And that same rule should apply to formal omissions in an information.

See also Commonwealth v. Berke, 60 Dauph. 577, 580 (1950).

What we said in the Berke case as to an indictable offense, we believe is entirely applicable to a summary proceeding under The Vehicle Code where defendant gives bail and waives the preliminary hearing and thereafter in court seeks to attack irregularities or defects in the preliminary proceedings that do not involve any question of jurisdiction of the subject matter. We stated, at page 580 in the Berke case:

"The defendant is now too late to attack the sufficiency or regularity of the information or the proceedings before the Alderman. Had he desired to attack the legality of the information, his remedy was to ask to be discharged from custody on the ground of illegal commitment. But having given bail for his appearance after the preliminary hearing, he could not now, on a motion to quash the indictment, attack the validity of the information or the proceedings before the Alderman. By giving bail, he waived any irregularity in the preliminary proceedings." See Commonwealth v. Murawski, 101 Pa. Superior Ct. 430, 431 (1931); Commonwealth v. Brennan, 193 Pa. 567 (1899); Commonwealth v. Dingman, 26 Pa. Superior Ct. 615 (1904); Commonwealth v. Hans, 68 Pa. Superior Ct. 275 (1917); Commonwealth v. Keegan, 70 Pa. Superior Ct. 436 (1918); Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382 (1925); Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244 (1926); Commonwealth v. Beerson, 49 D. & C. 609 (1943); Commonwealth ex rel. v. Ashe, 165 Pa. Superior Ct. 41 (1949); Commonwealth v. Wideman, 150 Pa. Superior Ct. 524 (1942).

In these indictable offenses last cited, it is the posting of bond for appearance in court that constitutes a waiver of any procedural defects preliminary to the hearing before the justice of the peace. The rule cer-

tainly should be the same for summary offenses, where defendant waives a preliminary hearing and his opportunity to object to procedural irregularities and posts bond for court.

For these reasons, defendant is not entitled to prevail in his motion to quash the information, and accordingly, therefore, we enter the following

*Order*

And now, April 30, 1956, defendant's motion to quash is herewith overruled.