James A. HICKMAN, Appellee,

v.

HYGRADE PACKING COMPANY, Appellant.

No. 54029.

Supreme Court of Iowa.

April 9, 1971.

Hart & Hart, Waukon, and Jones, Hoffmann & Davison, Des Moines, for appellant.

Strand & Kiener, Decorah, and Jerry Hilton, Des Moines, for appellee.

UHLENHOPP, Justice.

The determinative issue in this appeal is whether the original notice is fatally defective.

Hygrade Food Products Corporation is a New York corporation and has its principal place of business in Detroit, Michigan. It operates food processing establishments throughout the country. It is qualified to do business in Iowa, by registration with the Iowa Secretary of State and appoint-ment of a process agent in Des Moines. It operates an establishment at Postville, Iowa, under its corporate name of Hygrade Food Products Corporation, where livestock is slaughtered, dressed, and loaded for shipment. It does not use the name "Hygrade Packing Company Postville, Iowa". It has a registered trade-name, "Hygrade's," which it uses on its products.

The truck mishap out of which plaintiff's claim for personal injuries arose occurred on July 18, 1964. On July 15, 1966, plaintiff caused an original notice of the present action to be served on defendant's officer manager at Postville, Iowa. The notice named the defendant as "HYGRADE PACKING COMPANY Postville, Iowa".

Hygrade Food Products Corporation, whose office manager was handed the notice, specially appeared on the ground that the corporation "Hygrade Food Products Corporation" had not been sued.

Subsequently and without serving another original notice, plaintiff attempted to amend his original notice by changing the name of the defendant to Hygrade Food Products Corporation. That Corporation thereupon specially appeared as to the attempted amendment also.

After hearing, the special appearances were overruled. Trial was held on the merits, plaintiff prevailed, and Hygrade Food Products Corporation took this appeal.

Two questions must be considered. Was the original notice fatally defective? If so, could the defect be cured by amendment?

■ I. Under our rules, the caption of an original notice must name the parties, and the original notice must be "directed to the defendant." Rules 50, 78, Rules of Civil Procedure. Where the real defendant has been served, some variation in the name or error in an initial is not fatal. Webb v. Ferkins, 227 Iowa 1157, 290 N.W. 112 ("Dean Ferkins" instead of "Dean Firkins"). This rule is especially

applicable as to corporations. As stated in 19 C.J.S. Corporations § 1308 at 992, "In an action by or against a corporation, the process should correctly state the name of the corporation; but it need not describe the corporation; and a trivial misnomer is not fatal." See also 9 Fletcher, Corporations, § 4403 at 227 (Perm.Ed. 1964). The books abound with cases involving nonfatal errors. E. g., Woodruff v. Des Moines Ins. Co., 90 Iowa 735, 57 N.W. 592 ("Des Moines Insurance Company of Des Moines, Iowa" instead of "Des Moines Insurance Company"); Guzman v. Montgomery Ward & Co., 9 Ariz.App. 186, 450 P.2d 427 ("Montgomery Ward and Company, a retail store" instead of "Montgomery Ward and Company, Incorporated"); Denver & R.G.R.R. v. Nunez, 66 Colo. 173, 180 P. 78 ("Railway" instead of "Railroad" in corporate name); Rockey v. Runft, 191 Kan. 117, 379 P.2d 285 ("North Central Kansas Electric Cooperative, Incorporated" instead of "N.C.K. Electric Cooperative, Inc."); Kantor v. Asbury Park Press, 116 N.J.L. 379, 184 A. 815 ("Asbury Park Press, a body corporate of the State of New Jersey" instead of "Asbury Park Press, Inc."); Taylor v. Victor Equipment Co., 84 Ohio App. 236, 81 N.E.2d 804 ("Victor Equipment Company, a corporation" instead of "Victor Equipment Corporation"); O. K. Butler Const. Co. v. Bentley, 205 Okl. 225, 237 P.2d 886 ("National Automobile & Casualty Company" instead of "National Automobile & Casualty Insurance Company"); Arminius Chemical Co. v. White's Adm'x, 112 Va. 250, 71 S.E. 637 ("Incorporated" omitted from corporate name); Varney & Evans v. Hutchinson Lumber & Mfg. Co., 64 W. Va. 417, 63 S.E. 203 ("Hutchinson Lumber & Manufacturing Corporation" instead of "Hutchinson Lumber & Manufacturing Company").

On the other hand, where the misnomer is more substantial, the name variation is fatal. Geneva v. Thompson, 200 Iowa 1173, 206 N.W. 132 ("Frank Genero" instead of "Frank Geneva"). This is true as to corporations. Pennsylvania Co. v. Sloan, 1 Ill.App. 364 ("Pittsburg, Fort Wayne & Chicago R.R. Co." instead of "The Pennsylvania Company"—though agent served was agent of both corporations); Southern Pacific Ry. Co. v. Block Bros., 84 Tex. 21, 19 S.W. 300 ("Southern Pacific Railway Company" instead of "Southern Pacific Company").

■ We think the misnomer here was so substantial as to void the notice. "Hygrade Packing Company Postville, Iowa" cannot be stretched into "Hygrade Food Products Corporation". Indeed, a "Hy Grade Packing Company Inc." does exist, but it is an unrelated corporation in Galveston, Texas. We hold that a notice naming Hygrade Packing Company Postville, Iowa as the defendant does not bring Hygrade Food Products Corporation into court. Pennsylvania Co. v. Sloan, supra; Southern Pacific Ry. Co. v. Block Bros., supra. See also Shields v. Heinold, 253 Iowa 898, 114 N.W.2d 302.

II. Could the defect be cured by amendment of the notice after service or was service of another notice essential?

■ Plaintiff relies on Thune v. Hokah Cheese Co., 260 Iowa 347, 149 N.W.2d 176. But that decision dealt with a different kind of situation. When an individual or corporation does business under a trade or other assumed name and the notice is addressed to that very name, the defendant will not be heard to say on special appearance that such name is not his name. In Thune an individual did business as "Hokah Cheese Company" and his vehicle involved in the collision was registered in the name "Hokah Cheese Company". The plaintiff sued the defendant as "Hokah Cheese Company" and caused the defendant to be served personally. This court held the defendant could not claim misnomer, because he was not sued in a wrong name. He was sued in the very name which, for reasons of his own, he chose to call himself. Under such circumstances, the plaintiff can amend to add the defendant's other name. This is because the court *does* have jurisdiction of the defendant, and the amend-

ment is allowed the same as any other amendment. Annot., 124 A.L.R. 86.

Here, however, Hygrade Food Products Corporation uses that name and does not use the name "Hygrade Packing Company Postville, Iowa". The name Hygrade Packing Company Postville, Iowa came from plaintiff, not from Hygrade Food Products Corporation. Had Hygrade Food Products Corporation done business under the name Hygrade Packing Company Postville, Iowa, the case would parallel Thune, and plaintiff's amendment would be proper.

As the case is, the district court did not acquire jurisdiction of Hygrade Food Products Corporation. Hence the rule applies that a void notice cannot be made valid by simply amending. Evans v. Ober, 256 Iowa 708, 129 N.W.2d 78.

Since the district court did not have jurisdiction, we need not consider other issues raised by the parties.

III. We have considered but cannot sustain appellee's contention that the appeal should be dismissed.

Reversed.

All Justices concur except BECKER, J., who dissents.