David BURG, Appellant,

v.

Debbie BRYANT, Appellee.

No. 60596.

Supreme Court of Iowa.

April 19, 1978.

Virgil Moore, Des Moines, for appellant.

Robin L. Hermann, Des Moines, for appellee.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

The question presented here on plaintiff's appeal is whether the trial court erred in sustaining defendant's special appearance on the ground the original notice served on her was fatally defective.

On October 21, 1976 plaintiff commenced a personal injury action for damages sustained in a two-car collision December 15, 1975 in Creston, Iowa. Plaintiff named the defendant in the lawsuit as "Debbie Bryant." The Sheriff's return certified he served the original notice, to which a copy of plaintiff's petition was attached, on "Debbie Bryant" in Creston, Union County, Iowa, on February 4, 1977. Shortly thereafter "Deborah Louise Brandt" filed a special appearance, acknowledging she had been served with the petition and original notice, on the ground the trial court lacked jurisdiction because the original notice was not correctly directed to her as required by rule 49, Iowa Rules of Civil Procedure, and she had never been known as "Debbie Bryant." An affidavit to that effect was attached to the special appearance.

Plaintiff filed a verified resistance asserting defendant was generally known in the Creston Community as "Debbie Bryant" and that on the day of the accident she so identified herself to plaintiff. Attached to the resistance as an exhibit was a letter, dated December 6, 1976, from defendant's insurance carrier referring to defendant as "Debbie Bryant" and offering a $1500 settlement.

The trial court, in sustaining the special appearance, found the original notice was of no legal force or effect due to the variation in names. The court made no mention of plaintiff's contention that defendant had represented herself as "Debbie Bryant" and was so known in the community.

■ Under rule 49, R.C.P., the caption of an original notice must name the parties and be "directed to the defendant." Where a misnomer is substantial we have held the name variance is fatal and voids the notice. *Hickman v. Hygrade Packing Company*, Iowa, 185 N.W.2d 801. Where the real party has been served, some variation in the name is not fatal. *Reynolds v. Nowotny*, Iowa, 189 N.W.2d 557. However, we do not believe the doctrine of idem sonans need be applied under the record before us.

■ Since the Iowa rules relating to process were amended in 1975, we no longer require the same strict compliance formerly demanded with regard to the components of an original notice. *Patten v. City of Waterloo*, Iowa, 260 N.W.2d 840, 841. It is clear we are now committed to liberal construction of our rules of procedure to insure resolution of disputes on their merits. *Smith v. Baule*, Iowa, 260 N.W.2d 850, 854.

■ The present controversy is a proper one for application of this liberal approach. Plaintiff testified defendant told him her name was "Debbie Bryant" at the accident scene. The insurance carrier mentioned its named insured by that name. Furthermore, the Sheriff's return of service indicated he served "Debbie Bryant." Thus from all these factors it is manifest defendant was never surprised or prejudiced by being sued as "Debbie Bryant". In *Thune v. Hokah Cheese Co.*, 260 Iowa 347, 353, 149 N.W.2d 176, 179, we stated:

"As long as the real party receives proper notice of the action, we are unable to see any prejudice in permitting him to

be sued in a trade or fictitious name alone. * * *."

See also *Hickman v. Hygrade Packing Company,* supra, 185 N.W.2d pages 803–804.

We hold the trial court should have overruled defendant's special appearance. This case must be remanded to the lower court for further proceedings.

REVERSED AND REMANDED.