MULLINS *v.* CENTRAL COAL & COKE COMPANY.

Opinion delivered December 17, 1904.

FOREIGN CORPORATION—APPOINTMENT OF AGENT—NOTICE.—Where a foreign corporation, after certifying to the Secretary of State its appointment of an agent upon whom service of process might be had in this State, filed a second certificate of the appointment of another person as its agent for the State of Arkansas upon whom service of summons and other process might be had, the authority of the first agent was impliedly revoked by the appointment of the second, and the filing of the certificate of the appointment of the second agent was sufficient notice of the revocation of the first agent's authority.

Appeal from Little River Chancery Court.

JAMES D. SHAVER, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

In 1898 F. W. Mullins and others, partners doing business under the firm name of the Texas Produce Company, brought an action in the Little River Circuit Court against J. H. Hall and B. T. Collins, who were partners under the firm name of Hall & Collins, to recover a debt amounting to about $2,000. The plaintiffs in that action filed an affidavit, and obtained a writ of attachment and garnishment. The writ of garnishment, directed against the Central Coal & Coke Company, a Missouri corporation, was served on W. A. Williams as the agent of that corporation. On the trial the plaintiffs recovered judgment against the defendants, Hall & Collins, for over $2,000, and, as the Central Coal & Coke Company did not appear and answer the allegations filed against it as garnishee, judgment was also rendered against it for the full amount of the judgment against Hall & Collins.

Afterwards the Central Coal & Coke Company brought this action in equity to enjoin the collection of that judgment. It alleged that an execution had been issued on the judgment, and was about to be levied on a large amount of land owned by the Coal & Coke Company in Little River County where the judgment was rendered, that the company had no notice of the garnishment proceedings, and that it, neither at the time the writ of garnishment was issued nor at any time since, owed Hall & Collins, the principal defendants in the suit of Mullins in which the garnishment was issued, any sum of money whatever, and that, had it been notified of the pendency of the garnishment proceedings, it would have set up that fact as a complete defense to such proceedings against itself. Wherefore it asked that the execution and judgment be set aside and vacated, and that Mullins and others be enjoined from further proceeding to collect the judgment. Mullins and others appeared, and filed their answer, denying that the garnishee had no notice, but alleging that summons was duly served upon its agent, W. A. Williams, and that it was bound by the judgment.

On the hearing it was shown that in 1893 the Central Coal & Coke Company, in compliance with the statute of this State regulating foreign corporations, by a certificate filed in the office of the Secretary of State, appointed W. A. Williams as its agent upon whom service of summons could be served, and designated the city of Texarkana as its principal place of business in the State.

The president of the company testified that the appointment of W. A. Williams as its agent was revoked in January, 1896, and that J. E. Williams was appointed agent in the place of W. A. Williams, whose authority had been revoked. It was also shown that on the 10th of January, 1896, the company filed in the office of the Secretary the following certificate in reference to the appointment of J. E. Williams:

"Know all men by these presents: That the Central Coal & Coke Company, a corporation duly organized, created and existing under and by virtue of the laws of the State of Missouri, and having its principal office or place of business in the city of Kansas City in said State, does hereby designate and appoint J. E. Williams, residing in the city of Little Rock, in the State of Arkansas, he being a citizen of said State, as its agent for the said State of Arkansas upon whom service of summons and all other legal processes may be made, in all actions or proceedings in any of the courts of said State of Arkansas, according to the provisions of an act of the General Assembly of the State of Arkansas, entitled, 'An act to prescribe the conditions upon which foreign corporations may do business in this State,' approved on the 4th day of April, 1897. The said corporation hereby designates the city of Little Rock in the said State of Arkansas, as its principal place of business in said State. In testimony whereof the said corporation has, by its president, caused these presents to be signed and sealed with its corporate seal at the city of Kansas City, in the State of Missouri, on this 7th day of January, 1896.

(Corporate Seal.)    "The Central Coal & Coke Company,
                                "By R. H. Keith, President."

It was further shown that the Central Coal & Coke Company had no actual notice of the garnishment proceeding, and

no opportunity to appear and defend; that it owed the defendants, Hall & Collins, nothing, and that it would have set up that as a complete defense against the garnishment proceeding, had it been notified of such proceeding.

*O. D. Scott,* for appellants.

The judgment enjoined in this action having been affirmed by this court in 70 Ark. 479, most of the grounds set out in the complaint are eliminated. The appellee having appointed W. A. Williams as its agent for service of process, an appointment of another agent by a similar writing, filed in the same office, was neither a revocation, nor notice of revocation, of the first appointment. *Cf.* Sand. & H. Dig. § 1323; 60 Ark. 343; 5 Otto, 48; 11 Allen, 208. Taking the appeal to this court was a sufficient entry of appearance. 53 Ark. 181; 50 Ark. 443; 59 Ark. 583; 1 Ark. 55; 1 Ark. 497; 3 Ark. 450; 3 Ark. 524; 16 Ark. 646; 62 Ark. 144. The presumption is that the agency continued. Story, Ag. § 470; 2 Kent's Comm. 644; 1 Dutch. 67, s. c. 64 Am. Dec. 412. There was no proper case for injunction of the judgment in this cause. 43 Ark. 107.

*Glass, Estes & King, W. H. Arnold* and *L. A. Rowland,* for appellees.

The service on W. A. Williams was insufficient. 36 Pac. 34; 10 N. E. 733; 19 Am. & Eng. Enc. Law, 658, 659, 685; 1 Am. & Eng. Enc. Law, 1219; Mech. Ag. § § 228, 219, 232, 223. A judgment obtained without notice may be properly enjoined. 33 Ark. 778; 48 Ark. 331; 50 Ark. 458; 54 Ark. 1; 57 Ark. 352; 52 Ark. 80.

RIDDICK, J., (after stating the facts.) The plaintiff in this action is a foreign corporation, and seeks to enjoin a judgment rendered against it in this State on the ground that it is unjust and inequitable, and rendered without notice and without giving opportunity to defend.

It is shown beyond question that the authority of the agent upon whom the service of summons was made in the action in which the judgment in question was based had been previously revoked, and the question here is whether the

plaintiff had notice of the revocation of his authority before the commencement of the action. Or, to be more specific, the question is whether the act of the Central Coal & Coke Company in appointing J. E. Williams as its agent upon whom summons might be served in actions against the company in this State and the filing of the certificate to that effect, as required by the statute, operated to revoke the authority previously conferred in the same way upon W. A. Williams of Texarkana in 1893, and to give notice of the revocation.

The statute provides that, "before any foreign corporation shall begin to carry on business in this State, it shall, by its certificate under the hand of the president and seal of such company filed in the office of the Secretary of State, designate an agent, who shall be a citizen of this State, upon whom service, summons and other process may be made. Such certificate shall also state the principal place of business of such corporation in this State. Service upon such agent shall be sufficient to give jurisdiction over such corporation to any of the courts of this State. Acts of 1887, p. 234.

Now, both of these appointments were made in compliance with this statute. The appointment of the first agent in 1892 was revoked in January, 1896, because it was reported to the company that he had left the State. The certificate of the appointment of J. E. Williams, the second agent, recites that he was appointed as its agent "for the State of Arkansas upon whom service of summons and all other process may be had and made in all actions or proceeding against said corporation in any of the courts of said State of Arkansas according to the provisions of an act of the General Assembly of Arkansas." Now, it is very evident that the plaintiff corporation was only endeavoring to comply with the law of the State above quoted by keeping an agent here upon whom summons could be served. The law did not require that the corporation should have two agents of that kind, and, after consideration of all the facts, we think the authority of the first agent was impliedly revoked by the appointment of the second and the filing of the certificate of such appointment in the office of the Secretary of State. This was all that the statute required, and was notice to every one interested.

While it is true that there is nothing in the law which prevents a foreign corporation from having in this State more than

one agent upon whom summons may be served, we think the evidence does not show that this corporation had or intended to have more than one agent for that purpose. On the contrary, it is shown that the authority of the first agent had been revoked, and the question is whether the appointment of the second agent and the filing of the certificate of such appointment required by the statute was sufficient notice of such revocation. As before stated, we are of the opinion that it was.

As the judgment which the court was asked to enjoin was rendered against the company without notice for a debt that it did not owe, we think that the judgment of the chancellor enjoining the enforcement of it was right, and it is therefore affirmed.