## No. 11,898.

GALLIGAN *v.* INDEPENDENT ORDER OF FORESTERS.

Decided May 14, 1928.

Mr. M. J. GALLIGAN, pro se.

Messrs. ROBINSON & ROBINSON, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Galligan, plaintiff below, plaintiff in error, brought this action and had judgment against the defendant corporation for $2,000, which the plaintiff alleges the defendant promised to pay him in two matured benefit certificates which the defendant had issued to him and on which he had paid to the defendant the prescribed payments or assessments that entitled him, under the contract of insurance or benefits between the parties, to the sum sued for. Seasonably the defendant filed a motion, supported by affidavits, to set aside the judgment on the ground that the summons issued was not served upon the defendant according to law, or at all, and that defendant has a good defense to the action. The only showing on this motion was by the defendant in its own behalf. It consisted: (1) Of the affidavit of the defendant's attorney that it had a good defense to the action. (2) An affidavit by John A. Holmberg, on whom the alleged service of summons was made, in which Holmberg says that a copy of the summons in this action was left with him, as the return thereon states, and that at the time he told the officer leaving the summons that he was in no way connected with the defendant and was not the proper person on whom service should be made, and that the proper person was the state commissioner of insurance. Holmberg further says that he paid no attention to the matter thereafter and did not notify the defendant of the attempted service upon him. (3) A certificate of Jackson Cochran, state commissioner of insurance of Colorado, of a power of attorney of the defendant filed in his office, purporting to appoint and constitute the commissioner of insurance of the state of Colorado, and his successors in office, its true and lawful attorney for the service of legal process in any action that might be brought against it in the courts of the state. The court sustained the defendant's motion and set aside and held for naught its judgment

for plaintiff theretofore rendered, to which order the plaintiff excepted. The plaintiff then announced that he elected to stand upon the record, whereupon the court ordered the action dismissed at his costs. It is to this judgment of dismissal that this writ of error is prosecuted.

The first certificate was issued to the plaintiff in August, 1894, in the sum of $1,000, and the second certificate, for a like sum, was issued in 1899. At the time these certificates were issued our Constitution, section 10, art. XV, prohibited foreign corporations from doing business in this state without having one or more known places of business, and an authorized agent or agents therein upon whom process may be served. To carry out the requirements of this provision section 2322, C. L. 1921, was enacted in 1893. This statute provided that before any foreign corporation might do business in this state it must make and file a certificate, signed by its president and secretary, with our secretary of state designating, among other things, an authorized agent or agents in this state, residing at its principal place of business, upon whom process may be served. The defendant corporation complied with this section of the statute and filed with the secretary of state a certificate appointing and constituting John A. Holmberg as its agent upon whom process might be served. It was in supposed compliance with the provisions of this statute that the service of summons in this action was made upon John A. Holmberg. If, at the time of service of the summons upon him, Holmberg was the defendant's agent for the service of process, due service in this cause was had upon the defendant; otherwise not.

In 1911 our General Assembly, S. L. 1911, p. 432, passed an act for the regulation and control of fraternal benefit societies. By section 17 of that act it was provided, among other things, that every fraternal benefit society, whether domestic or foreign, then transacting business in this state shall within thirty days after the

passage of the act appoint in writing the commissioner of insurance and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served. The section further provides that service shall only be made upon such attorney and that legal process shall not be served upon any such society except in the manner provided in the act as above stated. The real question for decision, therefore, in this case is which of the two statutes is applicable; the original act of 1893, or the fraternal benefit society act of 1911, and the solution of this question depends upon whether or not the defendant is a fraternal benefit society. If the earlier act, which applies to foreign corporations generally, is to govern, the service of the summons in this case was properly made on the defendant. If the defendant is a fraternal benefit society, then the act of 1911 applies and the service of summons on Holmberg was not authorized. Although the complaint on its face does not specifically disclose that the defendant is a fraternal benefit society, as defined by our 1911 statute, there is enough in the complaint and in this record to show that the beneficiary named in the certificate issued by this defendant, upon the payment of the prescribed assessments, and upon compliance with the rules and regulations of the society, becomes entitled at the fixed time to a certain sum of money. The certificate of Cochran, our state commissioner of insurance, to the power of attorney that was filed in his office by the defendant, recites that the defendant is a fraternal benefit society organized under the laws of the Dominion of Canada, and that it desires to transact such business within the state of Colorado pursuant to the laws thereof, and in compliance with the laws of Colorado it appoints the commissioner of insurance of the state of Colorado, and his successors in office, its true and lawful attorney for service of legal process in any action or proceeding that might be brought against it in the courts of Colorado.

We think the showing, not contradicted, taken in connection with the allegations of the complaint itself, is a sufficient showing that the defendant is a fraternal benefit society. As such, service of process upon it must be in accordance with the provisions of the act of 1911. It is true that the defendant at one time, in 1904, had made and filed in the office of the secretary of state of Colorado a certificate constituting and appointing John A. Holmberg its duly authorized agent upon whom process might be served. When, however, our General Assembly in 1911 passed the fraternal benefit society act it provided therein that all fraternal benefit societies then transacting business in this state, and this included the defendant, must appoint in writing the commissioner of insurance of Colorado as the agent or attorney upon whom service of process in actions against it must be made, and it further provided that process should not be served in any other manner, except upon this commissioner, and repealed all acts and parts of acts inconsistent with the provisions of the 1911 act. The certificate, therefore, which was filed by this defendant in October, 1911, in compliance with the requirements of our 1911 statute, was in legal effect a revocation of its former certificate made and filed in 1904 which appointed Holmberg as agent for service of process. At the time this action was begun in 1925, the only agent upon whom service of process was authorized to be made against this defendant, a fraternal benefit society, was the state commissioner of insurance and such process was not served upon him. The attempted service upon Holmberg, the defendant's former agent, was ineffective by the express provisions of the statute. His agency was terminated and revoked by the subsequent appointment in 1911 by the defendant of the state commissioner of insurance as the defendant's agent upon whom only service of process could be made. *St. Louis, I. Mt. & So. Ry. Co. v. Commercial Union Ins. Co.*, 139 U. S. 223, 11 Sup. Ct. 554; *Mullins v. Central Coal & Coke Co.*, 73 Ark. 333, 84 S. W.

477; *Oland v. Agricultural Ins. Co., etc.,* 69 Md. 248, 14 Atl. 669; *Union Guaranty & Trust Co. v. Craddock,* 59 Ark. 593, 28 S. W. 424.

We think the court, therefore, was justified in setting aside the judgment which was improperly entered against the defendant upon the attempted service of the summons upon Holmberg.

The plaintiff claims, however, that the only relief that can properly be given to him is to set aside the judgment of dismissal and reinstate the original judgment which was in his favor for the amount sued for. We think the plaintiff is in error as to this. While the affidavit of a good defense is in general terms only, there was no opposing affidavit by the plaintiff that the defendant had not a good defense. Indeed, as we read the record, the only question that was seriously at issue at the trial was as to the legality of the attempted service of summons upon Holmberg. We think, however, that while the judgment must be affirmed, it should be with a modification that the dismissal of the action should be without prejudice to the plaintiff in instituting another action upon the certificates. As so modified, the judgment will be, and it is, affirmed.