450 P.2d 427

Joseph S. GUZMAN, Appellant,

v.

MONTGOMERY WARD AND COMPANY, Incorporated, a retail store, Appellee.

No. 2 CA–CIV 610.

Court of Appeals of Arizona.

Feb. 13, 1969.

Rehearing Denied April 18, 1969.

Review Denied May 13, 1969.

Jose del Castillo, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, by Marvin S. Cohen, Tucson, for appellee.

MOLLOY, Chief Judge.

The appealing plaintiff in this action sued "Montgomery Ward and Company, a retail store," and obtained a personal injury judgment by default in the sum of $110,000. Three days after the default judgment was taken, Montgomery Ward and Company, Incorporated, a corporation, moved to quash service of process, and, in the alternative, to set aside default and default judgment for excusable neglect. The motion to quash service was granted and this appeal followed.

■ One defense of the order entered in the trial court is that, because of the erroneous designation of the corporate name of the defendant, service of process was ineffective. We find no merit to this contention. The name under which the defendant company was sued is sufficiently similar to its true name so that we see no reasonable probability of confusion. The name designated in the complaint and in the process issued in pursuance of the complaint is sufficiently similar to the true name of the defendant to distinguish the corporation sued from other corporations. This is enough. O. K. Butler Const. Co. v. Bentley, 205 Okl. 225, 237 P.2d 886 (1951); and *see* 19 Am.Jur.2d Corporations § 1470; 42 Am. Jur. Process § 18, at 18–20; and 19 C.J.S. Corporations § 1308, at p. 993.

■ The second defense made of the order entered below is that the defendant had revoked the appointment as statutory agent of the corporation upon which service was made six days before the delivery of the summons and complaint. We find this to be adequate justification for the order entered.

The law requires all foreign corporations to designate a statutory agent upon whom process may be served. A.R.S. § 10–481, subsec. A(2), as amended. The defendant, Montgomery Ward and Company, Incorporated, had designated C. T. Corporation System, a corporation, as its statutory agent some years before this action arose. It was upon an officer of that corporation that service was made in this action on February 5, 1968.

The law gives a foreign corporation the right to change its designated agent:

"A foreign corporation may change the address of its statutory office in this state, or the statutory agent, or both, upon filing with the corporation commission a certificate of change, in the form prescribed by the commission, and payment of the prescribed fee."

A.R.S. § 10–484, subsec. F, as amended.

On January 30, 1968, the defendant, Montgomery Ward and Company, Incorporated, filed with the Corporation Commission a certificate of change of statutory agent on a form provided by the Corporation Commission. There is no suggestion in this record that such change was for any ulterior purpose or that the new statutory agent was not readily available for service of process. The certificate filed stated that "[h]ereafter" the statutory agent of the defendant corporation would be The Prentice-Hall Corporation System, Inc.

When service of this process, in the instant action, was made upon an "Assistant Secretary of C. T. Corporation," she did not refuse the service but forwarded it to a regional counsel of the defendant, Montgomery Ward and Company, Incorporated. The process was mishandled by a secretary in the attorney's office and not timely brought to his attention, according to the routine of that office.

The plaintiff has advanced various reasons why the defendant's designation of a new statutory agent was ineffective. We find none of these contentions to be sufficiently persuasive.

The first contention made is that our Constitution, article 14, § 5, A.R.S., provides as follows:

"No corporation organized outside of the limits of this State shall be allowed to transact business within this State on more favorable conditions than are prescribed by law for similar corporations organized under the laws of this State; * * *."

Domestic corporations in this state have the same duty to designate and right to change statutory agents as do foreign corporations. *See* A.R.S. § 10–127, as amended. However, domestic corporations are required to file their articles of incorporation in every county in which they do business, A.R.S. § 10–123, while there is no similar express requirement for foreign corporations. *See* A.R.S. § 10–481, as amended. From this distinction in our statutory law, the plaintiff manages to reach the conclusion that the change in statutory agents made by the defendant here was ineffective, because all of its acts in this state are void, in that it has not filed its articles of incorporation in every county in which it is doing business in this state. To this court, this is a *non sequitur*. Even if the defendant were doing business without being properly qualified, we see no basis for holding that a statutory agent, previously designated as such but whose appointment has been revoked, remains the statutory agent of the corporation. In any event, under the plaintiff's argument, the original appointment of C. T. Corporation System would be as void as the change in agents, because, according to the plaintiff's unverified assertions, the defendant has never filed its articles in Pima County, the county of this suit.

The second argument advanced is that § 10–484.01 renders this change ineffective:

"A. All appointments of statutory agents by a foreign corporation made prior to and which are in effect on June 30, 1958, *shall continue in full force and*

*effect until revoked as provided in subsection B.*

"B. If the corporation has appointed more than one statutory agent in this state, it may file with the corporation commission a certificate, in the form prescribed by the commission, designating one of such statutory agents as its statutory agent pursuant to § 10–481 *and revoking* the appointment of all other statutory agents." (Emphasis added)

 The argument is advanced that the form filed by the defendant was a *change* of statutory agent, but that this did not constitute a *revocation* of the prior appointment. The above-quoted statute was adopted by the Laws of 1958, Ch. 25, along with various other changes in the law pertaining to foreign corporations. Among the changes made was one that eliminated the requirement that a foreign corporation designate a statutory agent in each county in this state in which it proposed to do business. *See* A.R.S. § 10–481, subsec. A(2). We believe the manifest intent of the above-quoted section was to provide for an orderly transition from the two systems of designating statutory agents and that it was not intended to make it more difficult to change a statutory agent once designated. The provision for a change of a designated agent, A.R.S. § 10–484, subsec. F, quoted *supra,* specifically provides

for the method of such change, and we hold that compliance with this subsection is sufficient insofar as changing statutory agents is concerned.[1]

The final assault upon the order of the trial court is that, by accepting service without protest, the assistant secretary of the previous statutory agent estopped the defendant, Montgomery Ward and Company, Incorporated, from questioning the service upon her. Again, the plaintiff has cited no pertinent law that supports his contention.

 All the authority coming to our attention indicates that a change of corporate agent is effective as of the change. *See* 20 C.J.S. Corporations § 1944, at p. 215, and 19 Am.Jur.2d Corporations § 1467, at 854. We see no basis by which a former agent can bind his previous principal by his actions, when the principal derives no benefit from such unauthorized actions.

Judgment affirmed.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

Note: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

---

1. Our interpretation of these statutes renders it unnecessary to determine that this "change" was a "revocation" of the prior appointment. The only authority coming to our attention would indicate that a change of statutory agent necessarily constitutes a revocation of the prior appointment. *See* Mullins v. Central Coal & Coke Co., 73 Ark. 333, 84 S.W. 477 (1904).