**Mike WYATT, Appellee,**

v.

**Leo CRIMMINS, d/b/a White Transfer & Storage Co., Inc., Appellant.**

No. 61811.

Supreme Court of Iowa.

April 25, 1979.

**616**

Terry W. Guinan, of Guinan & Cornell, Fort Dodge, for appellant.

Keith Ferguson, of McCarville, Bennett, Beisser, Ferguson & Wilke, Fort Dodge, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

LeGRAND, Justice.

We must decline to review this case on the merits because of our conclusion we are without jurisdiction to do so. Accordingly, we dismiss the appeal.

I. Plaintiff was employed by White Transfer & Storage Co., Inc. as a truck driver. The principal owner (and president) of White is Leo Crimmins. Plaintiff voluntarily left that employment and later sued for wages due under ch. 91A, The Code. He named Leo Crimmins d/b/a White Transfer & Storage Co., Inc., as the defendant. Crimmins was served individually, not as president of the corporation. The corporation has never been served with original notice.

Throughout the case, both in the pleadings and at trial, Crimmins denied he was plaintiff's employer. This was admitted at trial. Plaintiff testified he considered White and Crimmins to be the same. The trial court entered judgment against White for $1,950.00. No judgment was entered against Crimmins.

A corporation is a separate entity. It is a legal person, albeit an artificial one, distinct from its officers, directors and stockholders. *Briggs Transportation Co. v. Starr Sales Co., Inc.*, 262 N.W.2d 805, 809 (Iowa 1978); *DeCook v. Environmental Security Corp., Inc.*, 258 N.W.2d 721, 729–30 (Iowa 1977).

Personal jurisdiction over a corporation is obtained just as it is over a natural person—by valid service of an original notice, by a general appearance, or by some other act which amounts to consent. The method of serving a corporation is set out in Iowa R.C.P. 56.1(f) and in § 617.6, The Code. We have searched the record to discover some act by which White subjected itself to the jurisdiction of the court, but we find none. Despite plaintiff's argument to the contrary, White did not appear. It gave a number of clear signals it did not consent to the court's jurisdiction, all of which plaintiff refused to recognize. The only evidence helpful to plaintiff is the testimony of White's office manager, Albert Parris, on cross-examination that the corporation had entered its appearance. The record belies this. There was no appearance for White Transfer & Storage Co., Inc. The trial court had no jurisdiction to enter judgment against the corporation.

II. There is still another jurisdictional question in this case concerning the manner in which the appeal was taken. It is really the one upon which the result turns.

When judgment was entered against White, it applied for, and received, permission to appeal under Iowa R.App.P. 3. (The amount in controversy is less than $3,000.00.) Even though denying the trial court had jurisdiction, White could still appeal from this judgment without waiving jurisdictional defects. *Laughlin v. Franc*, 247 Iowa 345, 350–51, 73 N.W.2d 750, 753–54 (1955); 4 Am.Jur.2d *Appeal & Error* § 114, at 630 (1962).

However, after receiving permission to appeal, White did not do so. Crimmins did. Notice of appeal was given by the attorney for "the defendant." This could only mean Crimmins, who, as we held in Division I, was the sole defendant in the case.

We are faced then with this curious sequence of confusing events:

Service of original notice on Crimmins, who was not the employer.

Judgment against the corporation, over which the trial court did not have jurisdiction.

Notice of appeal by Crimmins, against whom no judgment was rendered.

 A party who is not aggrieved by a judgment or other final ruling has no right to appeal. *See Benson v. Chase Grain Storage Co.,* 246 Iowa 591, 600, 67 N.W.2d 433, 438 (1955). That same case is authority for our right to dismiss such an appeal even where, as here, the appellee makes no such request.

We do not say White has no other remedy. *See Rosenberg v. Jackson,* 247 N.W.2d 216, 218 (Iowa 1976); *Miller v. Farmers Cooperative Co.,* 176 N.W.2d 832, 834 (Iowa 1970). We hold only that Crimmins may not appeal from a judgment which does him no harm.

Costs are assessed against Crimmins as the appealing party.

APPEAL DISMISSED.