# IN THE COURT OF APPEALS OF IOWA

No. 23-1034
Filed May 8, 2024

**DAVID REYES,**
　　　　Plaintiff-Appellee,

**vs.**

**INTERNATIONAL VAN LINES, INC.,**
　　　　Defendant-Appellant,

**and**

**JUSTIN HISCHKE, NOELLE MOVING & SALES, INC., and IVL TRANSPORTATION, INC.,**
　　　　Defendants.
_____

　　　　Appeal from the Iowa District Court for Jasper County, Charles Sinnard,

Judge.


　　　　A moving company challenges a district court order granting plaintiff's

motion to substitute parties in a personal injury case. **AFFIRMED.**


　　　　Tansha T. Akogyeram of Grefe & Sidney, PLC, Des Moines, for appellant.

　　　　Hannah C. Moreland of Mueller, Schmidt, Mulholland & Cooling, PLLC, Des

Moines, for appellee.


　　　　Heard by Tabor, P.J., and Greer and Schumacher, JJ.

**TABOR, Presiding Judge.**

What's in a name?[1] Juliet's incisive query is also the question here. In other words, did David Reyes sue the wrong corporate defendant? Or did he sue the right corporate defendant under the wrong name? Because the right defendant had notice of Reyes's misnomer from the start, we find the district court properly allowed him to amend his pleadings.

## I. Facts and Prior Proceedings

The events leading to Reyes's lawsuit occurred in July 2020. Noelle Moving & Sales, Inc. hired Reyes and Justin Hischke to do a moving job in Iowa.[2] The pair leased a vehicle from Budget Rental to complete the job. Around 5:45 a.m., while driving on Interstate 80 in Jasper County, Hischke fell asleep at the wheel and landed in a ditch. As the front-seat passenger, Reyes suffered severe injuries.

In July 2022, Reyes filed this personal injury action, naming as defendants: "Justin Hischke, Noelle Moving & Sales, Inc., Joshua Shawn, Inc. d/b/a International Van Lines, IVL Transportation, Inc., and Budget Truck Rental, LLC."[3] Reyes alleged that Hischke was acting within the scope of his employment when he crashed and relied on the doctrine of respondeat superior in naming the corporations as Hischke's alleged employers.[4] Reyes filed the petition three days before the statute of limitations was set to expire.

---

[1] William Shakespeare, *Romeo and Juliet*, act 2, sc. 2.
[2] We take this information from the parties' pleadings and statements of "undisputed material facts."
[3] Budget Rental filed a pre-answer motion to dismiss, which the court granted.
[4] Reyes testified at his deposition that he was hired by Noelle but believed that Noelle Moving & Sales, International Van Lines, and IVL Transportation were all the same company. He also testified that his paychecks were signed by Noelle of Noelle Moving & Sales.

In August 2022, attorney Vincent O'Brien, accepted service on behalf of IVL Transportation.[5]  In October 2022, Reyes moved to extend the time to serve the petition on Joshua Shawn, Inc. d/b/a International Van Lines.  Reyes alleged that he hired a process server in Illinois to find Joshua Morales, the registered agent for Joshua Shawn, Inc.  Five attempts at service failed.  When the process server tried the regional office listed for Joshua Shawn, Inc. at the Illinois Secretary of State website, he learned that the business and registered agent were in Florida. In a November 2022 email, attorney Tansha Akogyeram informed Reyes's attorney Hannah Moreland that "Vince O'Brien has confirmed that the correct entity is 'International Van Lines, Inc.' which is a Florida Corporation."  Joshua Shawn, Inc. was served in November 2022, at the registered location for International Van Lines, Inc. in Coral Springs, Florida.  Morales was the registered agent for both Joshua Shawn, Inc. and International Van Lines, Inc.

In June 2023, IVL Transportation and Joshua Shawn, Inc. moved for summary judgment contending they were "the wrong parties."[6]  Both entities were incorporated after the crash: IVL Transportation in May 2021, and Joshua Shawn, Inc. in March 2022.  International Van Lines, Inc.—based in Coral Springs, Florida—was the correct party.  It was incorporated in 2011.

Reyes resisted the summary judgment motion, arguing the "correct legal entity had proper notice of the action."  He explained that "both Joshua Shawn, Inc., to which due notice was served, and International Van Lines, Inc. operate

---

[5] In his resistance to the motion for summary judgment, Reyes identified O'Brien as counsel for International Van Lines, Inc.

[6] The motion also asserted that even if Reyes had sued the correct party, his claim was barred by the Iowa Workers' Compensation Act.

under the trade name 'International Van Lines' with the same registered agent." He noted: "the creation of multiple legal entities to carry out the business of what is marketed to the public as International Van Lines does not seem to serve any real business purpose besides creating confusion about the responsible legal entity." Reyes sought to correct the "misnomer" by moving to "substitute" International Van Lines, Inc. for IVL Transportation and Joshua Shawn, Inc.

The court granted Reyes's motion two days after it was filed and before any responsive pleading was filed. International Van Lines, Inc.—represented by the same attorney as IVL Transportation and Joshua Shawn, Inc.—sought interlocutory appeal. Our supreme court granted the request and transferred the case to us. Meanwhile, the district court deferred consideration of the motion for summary judgment pending our review. International Van Lines, Inc. argues that the district court abused its discretion in allowing the substitution. We now consider its appeal.

## II. Scope and Standards of Review

Both parties urge that we review for an abuse of discretion. "The trial court has considerable discretion in granting or denying a motion for leave to amend; we will reverse only when a clear abuse of discretion is shown." *Porter v. Good Eavespouting*, 505 N.W.2d 178, 180 (Iowa 1993). The district court should freely give leave to amend pleadings when justice so requires. *Id.* (interpreting what is now numbered as Iowa Rule of Civil Procedure 1.402). But we review questions of personal jurisdiction for correction of legal error. *See Harding v. Sasso*, 2 N.W.3d 260, 267 (Iowa 2023).

### III. Analysis

International Van Lines, Inc. challenges the district court's order on three grounds. The company first argues the district court lacked personal jurisdiction over it because Reyes did not serve the correct corporation within the statute of limitations. Second, it argues that the district court abused its discretion in allowing the substitution of parties. Third, the company contends that it was denied its chance to assert a statute-of-limitations defense because it was not given proper notice. We address these arguments in turn.

### A. Personal Jurisdiction

The company insists that because it did not file an appearance or consent to jurisdiction, we must reverse for lack of jurisdiction.[7] It contends that because "Reyes never served International Van Lines with process" that *Wyatt v. Crimmins* is controlling precedent. *See* 277 N.W.2d 615, 616 (Iowa 1979). There, Wyatt sued his employer, Crimmins, for unpaid wages. *Id.* He served Crimmins individually but not as president of the corporation that employed Wyatt. *Id.* Rather than serve White Transfer & Storage Co., Inc., he served Crimmins d/b/a White Transfer & Storage Co. *Id.* The corporate employer never made an appearance. *Id.* Our supreme court noted that corporations are "legal persons" and entitled to

---

[7] In his appellee's brief, Reyes does not engage on the question of personal jurisdiction. Nor does he contest error preservation—though we don't see that International Van Lines, Inc. raised personal jurisdiction in the district court. But we choose to address this claim. At oral argument, International Van Lines, Inc. asserted that it did not argue personal jurisdiction before the district court because it "did not have an opportunity to raise that issue [because] the plaintiff initially sued the wrong party and the motion to substitute . . . was granted before [it] had an opportunity to even resist." But lack of personal jurisdiction would have been its "basis for the resistance."

service of process. *Id.* From there, it decided that the district court lacked personal jurisdiction over the corporation for lack of service with notice and having never appeared. *Id.* International Van Lines, Inc. contends that the same is true here. We disagree that *Wyatt* is controlling.

True, Reyes did not serve the Florida corporation that he alleges employed Hischke. But *Wyatt* differs from Reyes's situation. For one, *Wyatt* deals with serving process on an individual versus serving a corporation. *See id.* ("Personal jurisdiction over a corporation is obtained just as it is over a natural person by valid service of an original notice, by a general appearance, or by some other act which amounts to consent."). By contrast, Reyes served one corporation, doing business under the name of another corporation. Two, *Wyatt* addresses the method of service, not a substitution or a misnomer. International Van Lines, Inc. asks us to find that serving an incorrect corporation was fatal to Reyes's case. But the contested issue is whether the right parties were before the court all along.

We recognize that the concepts of "[m]isnomer and personal jurisdiction are interrelated." *See City of Urbana v. Platinum Grp. Props., LLC*, 164 N.E.3d 55, 60 (Ill. App. 4th Dist. 2020). If one of the corporations that Reyes originally named in the suit was before the court as the correct party, but just misnamed, then International Van Lines, Inc. appeared in court—one test for personal jurisdiction. Put another way, if the district court was correct that naming Joshua Shawn, Inc. d/b/a International Van Lines was a misnomer, then it had personal jurisdiction. But if the court allowed a substitution after the statute of limitations had expired, then we must dismiss for lack of jurisdiction. So to avoid putting the cart before the horse, we turn to the substitution claim by International Van Lines, Inc.

**B. Substitution of Parties or Amendment of Misnomer**

The company next argues that the court abused its discretion in granting Reyes's motion to substitute International Van Lines, Inc. in place of Joshua Shawn, Inc. d/b/a International Van Lines and IVL Transportation, Inc. The company notes that those original defendants were separate corporations— formed after the crash. In its view, Reyes sought to replace existing parties with "an entirely new defendant." Reyes counters that the correct party was before the court the entire time. *See Thune v. Hokah Cheese Co.*, 149 N.W.2d 176, 178 (Iowa 1967). He contends that the court had discretion to cure the misnomer and the amendment of parties relates back to the original pleading. *See* Iowa Rs. Civ. P. 1.402(4) and (5).

Before we assess the parties' competing arguments, we pause to clarify the difference between substituting parties and amending for a misnomer. The district court granted Reyes's motion to "substitute" parties. But that use of the term substitute is itself a misnomer. A substitution occurs when the wrong party is named, and the court must replace the wrong party with the correct party. *Thune*, 149 N.W.2d at 178. Parties cannot be substituted after the statute of limitations runs. *Patton v. Cent. Iowa Hosp. Corp.*, No. 11-0512, 2012 WL 1058201, at *3 (Iowa Ct. App. Mar. 28, 2012) (emphasizing that Patton tried to substitute a distinct corporation with different registered agents). By contrast, the district court may correct a misnomer if the plaintiff shows "the right corporation was served though

by the wrong name." *Thune*, 149 N.W.2d at 178. Such an amendment under Rule 1.402 should be "freely given when justice so requires."[8]

In attacking the district court's ruling, International Van Lines, Inc. contends "this is not a case of misnomer." The company primarily relies on *Hickman v. Hygrade Packing Co.*, 185 N.W.2d 801 (Iowa 1971). That case took from treatises this overarching principle: "In an action by or against a corporation, the process should correctly state the name of the corporation; but it need not describe the corporation; and a trivial misnomer is not fatal." *Id.* at 803. But the *Hickman* court also stressed that "where the misnomer is more substantial, the name variation is fatal." *Id.* The court added: "This is true as to corporations." *Id.* (citing

---

[8] Two subdivisions of that rule apply to amendments:

> 1.402(4) Amendments. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.
>
> 1.402(5) Making and construing amendments. All amendments must be on a separate paper, duly filed, without interlining or expunging prior pleadings. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Pennsylvania Corp. v. Sloan*, 1 Ill. App. 364, 366 (Ill. App. Ct. 1878), where plaintiff named Fort Wayne & Chicago R.R. Co. instead of Pennsylvania Company but served a common agent for both corporations). As its bottom line, *Hickman* held that "a notice naming Hygrade Packing Company Postville, Iowa as the defendant [did] not bring Hygrade Food Products Corporation into court." *Id.* (noting that an unrelated corporation named Hy Grade Packing Company, Inc. existed in Texas).[9]

International Van Lines, Inc. also relies on *Smith v. Baule*, 260 N.W.2d 850 (Iowa 1977); and *Morrison v. Shagnasty's Inc.*, No. 02-1572, 2003 WL 21459014, at *1 (Iowa Ct. App. June 25, 2003). In *Smith*, the plaintiffs originally named "Illinois Central Railroad, an Illinois Corporation" as the alleged tortfeasor but after the statute of limitations ran amended its petition to substitute "Illinois Central Gulf Railroad, a Delaware Corporation" as the defendant.[10] 260 N.W.2d at 851. The *Smith* court found that plaintiffs "made a mistake in the identity of the railroad they intended to sue. It was nonexistent and of course valid service could not be made on it." *Id.* at 854. The court noted that the record revealed no evidence that Thomas Flynn, who accepted services for Illinois Central, the Illinois Corporation,

---

[9] But *Hickman* is not as favorable to International Van Lines, Inc., as the company contends. In listing examples of minor misnomers in original service, *Hickman* confirms that omission of the word "Inc." is not fatally defective notice. *Id.* at 802-03 (citing *Guzman v. Montgomery Ward & Co.*, 450 P.2d 427, 428 (1969) ('Montgomery Ward and Company, a retail store' instead of 'Montgomery Ward and Company, Incorporated'); *Kantor v. Asbury Park Press*, 184 A. 815, 816 (1936) (naming 'Asbury Park Press, a body corporate of the State of New Jersey' instead of 'Asbury Park Press, Inc.' and holding that "the abbreviation, 'Inc.', while a part of the name, is merely descriptive of its corporate character"); and *Arminius Chemical Co. v. White's Adm'x*, 71 S.E. 637, 642 (1911) ('Incorporated' omitted from corporate name was not fatal).

[10] Illinois Central merged with Gulf, Mobile & Ohio Railroad Company before the alleged tort. *Smith*, 260 N.W.2d at 854.

was ever an agent or employee of Illinois Central Gulf Railroad, the Delaware corporation. *Id.* at 851. Thus, the supreme court held that Smith's mistake was more than a misnomer and found the action barred by the statute of limitations. *Id.*

In *Morrison*, the plaintiff filed a tort action against Shagnasty's, Inc. d/b/a Shagnasty's Fun Factory/Nightclub and Comedy Shop. 2003 WL 21459014, at *1. The proper party was Beck Tech Inc. d/b/a Club Shagnasty's. *Id.* Following *Smith*, our court upheld the district court's finding that Morrison was not correcting a misnomer but was trying to substitute a new party after the statute of limitations had run. *Id.*

In defending the district court's ruling, Reyes maintains his situation is unlike *Hickman*, *Smith*, or *Morrison* because in those cases the companies substituted had no common officers or trade names. Instead, Reyes embraces *Thune* for the proposition that so long as International Van Lines, Inc. received proper notice of the action, it suffered no prejudice by the court permitting it to be sued under its trade name. *See* 149 N.W.2d at 178. In *Thune*, a truck driver named his employer, Hokah Cheese Company, as the defendant, but should have sued owner Willard Potter, who did business under that name. The supreme court decided that Thune could amend the pleading to correct a misnomer because Thune had served notice on Potter who was doing business under that trade name. *Id.*

Reyes also contends his case resembles *Gutierrez v. Wal-Mart Stores*, No. 99-0248, 2000 WL 1027264, at *1 (Iowa Ct. App. July 26, 2000). There, the district court allowed Guitierrez to amend her petition to name Wal-Mart Stores, Inc. instead of WALMART. *Gutierrez*, 2000 WL 1027264, at *1. Our court found

no abuse of discretion because "[t]he correct party was before the court" and Wal-Mart was the trade name used by Wal-Mart Stores, Inc. *Id.* at 3.

After reviewing the case law on misnomers, we find no abuse of discretion in the district court allowing Reyes to amend his petition to name International Van Lines, Inc. as a defendant. We are persuaded by this passage from *Hickman* distinguishing the situation in *Thune*: "When an individual or corporation does business under a trade or other assumed name and the notice is addressed to that very name, the defendant will not be heard to say on special appearance that such name is not his name." *Hickman*, 185 N.W.2d at 803.

Under that tenet, International Van Lines, Inc. cannot claim that the notice of Reyes's suit was not addressed to its trade name. Reyes included in the suit's original caption: Joshua Shawn Inc. d/b/a International Van Lines. Unlike the plaintiffs in *Hickman, Smith,* and *Morrison*, Reyes listed the exact full name of the correct corporation—omitting only the "Inc." designation. That trivial misnomer was not fatal to Reyes's suit. *See id.* (citing *Arminius Chem. Co.*, 71 S.E. at 642) (finding omission of "incorporated" from company's name was a nonfatal error, especially when company's attorney received service of process).

On top of that, Joshua Morales was the registered agent for both Joshua Shawn, Inc. and International Van Lines, Inc. The record also shows that Morales was the founder of International Van Lines, Inc. And the corporate maze does not stop there. Not only does Joshua Shawn, Inc. do business as International Van Lines, but IVL is the acronym for International Van Lines. An exhibit in this record shows International Van Lines trucks with IVL logos. As for IVL Transportation, attorney Vincent O'Brien—apparently counsel for International Van Lines, Inc.—

accepted service on behalf of that Illinois corporation. In fact, Reyes served both IVL Transportation and Joshua Shawn, Inc. in Florida, where International Van Lines, Inc. has its principal place of business. Counsel for Reyes explained at oral argument that the details of the corporate structure were still unknown to the plaintiff because discovery had yet to be completed.

That uncertainty is unimportant in the company's view. It insists that because Reyes did not serve the correct corporation, this is not a misnomer case. It argues under *Hickman*, Morales acting as a common agent for Joshua Shawn, Inc. and International Van Lines, Inc. is not enough. It also rejects the trade-name concept from *Thune*. We reject the company's absolutist position. Reyes's confusion as to the identity of the parties was fueled by the defendant's use of multiple identities in its business operations. Like Potter—the owner of Hokah Cheese Co.—International Van Lines, Inc. cannot escape suit when later-created corporations continued to do business under the same trade name. As in *Thune*, the correct parties were before the court the entire time. *See* 149 N.W.2d at 178; *see also Gutierrez*, 2000 WL 1027264, at *3 (recognizing party can be sued under a trade name).

Next, we address the relation-back test in Rule 1.402. *See Grant v. Cedar Falls Oil Co.*, 480 N.W.2d 863, 866 (Iowa 1992) (applying test to misnomers). Relation back depends on four factors:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Porter*, 505 N.W.2d at 181.

Reyes has satisfied all four parts. His respondeat-superior claim against the moving company has not changed. International Van Lines, Inc. received notice of the suit through its common agents and asserts no prejudice from lack of notice. The company knew or should have known that Reyes's action would have been brought against it but for his mistake about the corporate identities. And International Van Lines received that notice within the limitations period. The only prejudice alleged by the company is the deprivation of its statute-of-limitations defense. But that prejudice is distinct from prejudice from lack of notice. "The linchpin is notice, and notice within the limitations period." *See id.* (citing *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986)).

Having decided that this is a case of misnomer, and the court did not abuse its discretion in allowing the amendment, we circle back to the question of personal jurisdiction. Because Reyes served International Van Lines under its trade name and through overlapping agents, the court had personal jurisdiction.

### C. Denial of Statute of Limitations Defense

Finally, International Van Lines, Inc. argues that in granting a substitution, the district court deprived it of a statute-of-limitations defense. *See Smith*, 260 N.W.2d at 853. Since we have found that Reyes was amending a misnomer and not substituting a new party, we reject this argument.

### IV. Conclusion

Because the right party was before the court all along, the district court did not abuse its discretion in granting an amendment to correct a misnomer. And International Van Lines, Inc.—having notice of the suit—was not prejudiced by the

amendment. Having found the amendment was not a substitution of parties, the district court had personal jurisdiction over International Van Lines, Inc. Finally, that company was not deprived of a viable statute-of-limitations defense.

**AFFIRMED.**